[No. 3391. Dec. 4, 1929.]

[Rehearing Denied Jan. 18, 1930.]

STATE v. WALLIS et al.
[283 Pac. 906.]

Ellis, Mays & Rose, of Amarillo, Tex., and C. H. Hitson, of Tucumcari, for appellants.

M. A. Otero, Jr., Atty. Gen., and J. A. Miller, Asst. Atty. Gen., for the State.

James L. Briscoe, of Tucumcari, amicus curiæ.

## OPINION OF THE COURT

WATSON, J. Henry, Cuppy, and John Wallis, brothers, were jointly indicted; charged in the first count with "extraordinary burglary," Laws 1925, c. 70, and in the second count with receiving stolen goods, Code 1915, § 1538. They went to trial on both counts, but the second was withdrawn at the close of the state's case, and the jury instructed to disregard it. All three were convicted under the first count. A motion for new trial was granted as to John and denied as to Henry and Cuppy, they being the appellants here.

There was evidence showing or tending to show these facts: The First National Bank of Nara Visa was robbed on February 16, 1928. A masked bandit entered it at about the noon hour when it was in the sole charge of Mrs. Blanch Watts, assistant cashier. Threatening her with a gun, he compelled her to place the money in his sack. Striking her on the head with the gun, he rendered her unconscious and made his escape. This bandit was positively identified by Mrs. Watts as Henry Wallis. At about the time of this occurrence a horse bearing the marks of hard riding had been seen tied behind the bank. A witness who lived within sight of the bank saw a horseman at about the right time riding hard from the direction

of the bank in the direction of the home of appellant's father some 8 or 9 miles away. Something of a blizzard was raging at the time. Horse tracks were followed from somewhere near the bank to the Wallis ranch. The tracks were identified as made by an animal belonging to appellants' father. A gun was found behind the bank in the snow which Mrs. Watts identified as that with which she was intimidated and struck. This gun had some time previously been exhibited by John as his property. Some days before the burglary he had purchased cartridges for it. He had been seen prior to the burglary going past and apparently observing the bank. Following the horse tracks on the afternoon of the burglary, investigators came to the Wallis ranch where they found Henry and Cuppy, as well as other members of the family. Henry and Cuppy were at the time rooming together at the ranch and were going about together, more or less. John was employed some 20 miles distant. When found at the ranch Cuppy's boots were wet, while Henry had on dry shoes. Cuppy seemed to attempt to direct the conversation away from the burglary. Some two weeks later, on information from Quay county officers, Cuppy was arrested in Amarillo, Tex., and found to be in possession of a large part of the money taken from the bank.

The first question which we shall consider is whether there was substantial evidence to sustain Cuppy's conviction.

From the foregoing statement it is plain that none of the circumstances have any substantial force to connect Cuppy with the transaction, except the fact that he was found in possession of a part of the fruits of the crime. If that fact be disregarded, there is no substantial evidence to support the verdict.

The court instructed that, unless the jury should find that the crime was committed pursuant to a common scheme or design, it should acquit Cuppy and John. As to the possession by Cuppy of fruits of the crime, he instructed that the fact, if true, was a circumstance which might be considered, with others, in determining the guilt of Cuppy only, and that, before so considering it, it must find either

that Cuppy actually participated in the robbery or participated in a common scheme or design pursuant to which the robbery was committed. Accordingly, we cannot include the possession of·the money in testing the sufficiency of the evidence. The jury either convicted without substantial evidence, or contrary to the instructions.

 Whether Cuppy was entitled to instructions so favorable is a question not suggested in argument and which we do not consider. Even if he was not, the instructions were binding on the jury as the law of the case.

We pass now to Henry's case.

 It is first urged that the indictment is duplicitous, citing Laws 1925, c. 145, § 9. But if it is duplicitous, the question remains whether the objection could be made first, as it was here, by motion in arrest. If so, there is disclosed a serious defect in our procedural system. It would be more advantageous to an accused person to ignore such a defect, to speculate upon the verdict, and to point out the defect only for the purpose of securing a new trial.

 Counsel do not urge so strongly that the duplicity in the indictment was in itself fatal, as that in this particular case "the substantial rights of the defendant upon the merits" were prejudiced. Laws 1925, c. 145, § 15. They point out that certain evidence, inadmissible as they claim under the first count, was received because competent under the second. But, even if that be true, counsel failed then to make any objection on the ground of duplicity, and failed to invoke a ruling upon which error could have been predicated. The judgment cannot be disturbed on the grounds stated.

 It is contended that the positive identification of Henry by Mrs. Watts is so strongly rebutted by other circumstances as to be unworthy of belief. That proposition we cannot entertain. The evidence was substantial, and, since the jury accepted it, it is conclusive here.

 Counsel contends that the court erred in limiting cross-examination of Mrs. Watts, principal witness for the state, upon matters affecting her credibility. We can-

not say that the ruling upon the particular question objected to was erroneous, and we do not interpret the ruling as denying counsel the right to make the proof they tendered. In fact, they did later recur to the matter and were not prevented from developing it. The contention is therefore overruled.

As to appellant Cuppy Wallis, the judgment will be reversed and the cause remanded, with a direction to discharge him; as to Henry Wallis, the judgment will be affirmed. It is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and SIMMS, J., did not participate.