in solido takes place by virtue of some provision of the law.

For the reasons assigned, the judgment of the district court insofar as it awarded attorney's fees to the defendant and plaintiff in reconvention is reversed. Insofar as it was rendered in solido against the plaintiffs and defendants in reconvention it is amended so as to give judgment in favor of defendant and plaintiff in reconvention, and against the plaintiffs and defendants in reconvention, jointly and severally, in the full sum of $1265.00, and as thus amended is affirmed. Plaintiffs are to pay all costs.

O'NIELL, C. J., absent.

**36 So.2d 400**

**STATE v. WILLIAMS.**

**No. 38978.**

June 15, 1948.

B. Newton Hargis and J. Martin Shevnin, both of Alexandria, for defendant, appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Ben F. Thompson, Dist. Atty., and Walter M. Hunter, Asst. Dist. Atty., both of Alexandria, for appellee.

HAWTHORNE, Justice.

Defendant, Ennis Williams, charged in a bill of indictment with attempted aggravated rape, has appealed to this court from his conviction and sentence to serve 20 years in the Louisiana State Penitentiary.

The indictment under which he was tried and convicted, insofar as it is material here, reads as follows:

"That Ennis Williams late of the Parish aforesaid, on or about the 7th day of June 1947 with force and arms in the Parish, District and State aforesaid, and within the jurisdiction of the Ninth Judicial District Court, did willfully, maliciously and feloniously Attempt to commit aggravated rape on a minor child whose name is unknown contrary to the form of the Statute * * *."

One of the bills of exception reserved by defendant was to the overruling by the trial judge of his motion in arrest of judgment, in which motion he contends that the indictment is fatally defective in that the name of the person upon whom the offense is alleged to have been committed is not given; that the name of the person alleged to have been injured is substantial and not merely descriptive, and that, if the name of such person is unknown, this fact must be alleged and the indictment should make it appear by sufficient allegation who was the injured person, which it fails to do.

Article 230 of the Code of Criminal Procedure, as amended by Act 147 of 1942, reads as follows:

"When the name of the person injured is substantial, and not merely descriptive, that is to say, when the injury is to the person, as in murder, rape or battery, the indictment shall state the name of such person, or if unknown, that it is unknown, *and if unknown, the indictment shall make it appear, by sufficient allegation, who was the party injured.*" (Italics ours.)

■ There can be no doubt that the name or the identity of the injured person in such a charge as we have here under consideration is substantial and not merely descriptive. It will be observed from the quoted portion of the indictment that it recites that the name of the injured person is unknown, and therefore the sole question raised by this bill of exception is whether this indictment makes it appear by sufficient allegation who was the party injured by describing such person only as "a minor child."

Article I, Section 10, of our Constitution provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him, and Section 9 of the same article, among other things, provides that no per-

son shall be twice in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained.

There is no doubt that the Legislature in adopting Article 230 of the Code of Criminal Procedure, as amended, had in mind these constitutional safeguards when it provided in this article that, if the party injured was unknown, *the indictment should make it appear by sufficient allegation who was the person injured.*

The indictment under which defendant was convicted complies with the statute by alleging that the name of the injured person is unknown. In our opinion, however, the designation of the injured person solely as "a minor child" is not sufficient allegation to designate who was the injured person, and the indictment as drafted would not support a plea of autrefois acquit or convict, as the case may be, in bar of another information or indictment for the same offense, for it can be readily seen that the term "a minor child" can apply to any individual or person, male or female, below the age of 21 years.

The trial judge in one of his per curiams informs us that the prosecuting witness was a Negro minister who saw the acts of defendant through a window, and that *the victims were two small Negro girls.* The judge further states that these children did not testify before the grand jury, and that the district attorney and the prosecuting witness did not know the names of these little girls at the time the indictment was drawn; that these children were located by a deputy sheriff a day or two before the trial. Which one of these two small Negro girls does the indictment as drafted charge the accused with attempting to rape? From the indictment alone we cannot answer this question, and neither could the accused.

■ We fully realize that in some homicide cases the name of the deceased cannot be ascertained, or he may not even have a name, as in infanticide. In the instant case the State relies on the case of State v. Richmond, 1890, 42 La.Ann. 299, 7 So. 459, which was an infanticide case, and in which the court considered an indictment which charged that the defendant "did kill and murder a female child, whose name is to the said jurors unknown" to give a sufficient description of the deceased. In the cited case the court did not give any reason for its holding or divulge the basis for its decision, merely stating that the objection of the accused that the description of the deceased was insufficient was not a good one. We do not know whether this court would follow the ruling in that case in an infanticide case since the adoption of Article 230 of the Code of Criminal Procedure, but in the instant case, the charge being attempted aggravated rape, we cannot understand why the State did not allege a more detailed description of the party injured, or, further, did not amend the

indictment prior to trial upon learning the name of the party injured.

■ The trial judge was of the opinion that the indictment was valid as a short form indictment. Even under the short form of indictment contemplated by Article 235 of the Code of Criminal Procedure, as amended, the injured person in the crime of rape must be definitely named, or sufficiently described to show who was the party injured, in conformity with Article 230 of that Code. Since there was no compliance with this requirement in the instant case, the indictment was not valid as a short form indictment.

There are other bills of exception in the record, but, since we have concluded that the motion in arrest of judgment should have been sustained, it is unnecessary for us to consider them.

■ Under Article 520 of the Code of Criminal Procedure, the accused is entitled to his discharge if the judgment be arrested for any cause fatal to the indictment, but he is subject to be indicted anew.

For the reasons assigned, the motion in arrest of judgment is sustained, and it is ordered, adjudged, and decreed that the verdict and sentence be annulled and set aside.