256 P.2d 211

## Ex parte KELLEY.

### No. 5551.

Supreme Court of New Mexico.

Feb. 11, 1953.

Rehearing Denied May 5, 1953.

Joe L. Martinez, Atty. Gen., Willard F. Kitts, Asst. Atty. Gen., N. Randolph Reese, Dist. Atty., Hobbs, for appellant.

M. W. Hamilton, Santa Fe, for appellee.

SADLER, Chief Justice.

We are asked to determine whether an information charging rape on a female under the age of 16 years, contrary to Section 41–3901, New Mexico Statutes 1941 Annotated, which fails to give the name of the victim states an offense which will support a conviction. The offense charged was committed in Lea County, New Mexico, on December 20, 1949. Upon arraignment the defendant pleaded guilty and was sentenced to a term in the state penitentiary from 70 to 99 years. The information reads:

"In the District Court of Lea County State of New Mexico
"State of New Mexico

Plaintiff
VS.                    No. 1282
Homer C. Kelley,

Defendant.
"Information
"Mack Easley, Assistant District Attorney for the County of Lea, ac-

cuses Homer C. Kelley of rape on a female under the age of 16 years, contrary to Section 41–3901, New Mexico Statutes 1941 Annotated.

"(s)   Mack Easley

"Assistant District Attorney

"Witnesses:

"Horace Owens

"A. B. Munsey

"Otis Bailey

"Gene Morris

"Mr. Blair

"Ernest Gilman

"Dr. Gillette

"Exhibit 'C'."

The defendant was transported to the state penitentiary shortly after his plea of guilty and began serving his sentence. Thereafter and on February 20, 1952, he filed a petition in habeas corpus in the District Court of the First Judicial District sitting within and for the County of Santa Fe, that being the county in which he was imprisoned in the state penitentiary, under which he sought his release upon the primary ground that the information to which he pleaded guilty failed to state an offense. After hearing, the district court entered an order discharging the prisoner from which this appeal is prosecuted by the state under statutory authority. Incidentally, although it has no bearing on the decision of this appeal, new informations were filed in Lea County immediately after the order of

discharge and the defendant was rearrested directly following his discharge. It should be stated since petitioner's counsel seeks to make some point of the matter in his argument that defendant was charged with raping three separate females under the age of 16 years on the same day.

Pertinent statutes to be considered will be set out prior to discussing the legal question involved. 1941 Comp., Sec. 41–3901, reads as follows:

"A person perpetrating rape upon or an act of sexual intercourse with a female when the female is under the age of sixteen (16) years, * * * is punishable by imprisonment for not less than one (1) nor more than ninety-nine (99) years."

It is provided by 1941 Comp., Sec. 42–606, touching the form of information and by Sec. 42–607, as to charging an offense, as follows:

"42–606.   The information may be in substantially the following form: In the (here state the name of the Court) the ——— day of ———, 19—.

"The State of New Mexico vs. A. B.

"X. Y., ——— district attorney for the county of ———, accuses A. B. of (here charge the offense in one of the ways mentioned in section 42–607—e. g., murder (assault with intent to kill, poisoning an animal contrary to section 31 of the Penal Code)) and

charges that (here the particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.)

"42–607. (1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

A related statute having a bearing upon the question involved is 1941 Comp., Sec. 42–638(1)(d), which provides that no indictment or information shall be invalid or insufficient because of any uncertainty therein if it charges an offense in accordance with section 42–607. Furthermore, paragraph (3) of this section provides for a bill of particulars in the following language:

"(3) If the court is of the opinion that the defect stated in subsection 1, clause (d) exists in any indictment or information it may order that a bill of particulars be filed in accordance with section 42–608."

Counsel for the state, the former Attorney General, Joe L. Martinez and his staff, and N. Randolph Reese, Esquire, former district attorney for the Fifth Judicial District of the State of New Mexico within and for the County of Lea, place main reliance in their claim of error on our earlier decisions in the cases of State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1, and State v. Shroyer, 49 N.M. 196, 160 P.2d 444. See, also, People v. Bogdanoff, 254 N. .Y. 16, 171 N.E. 890, 69 A.L.R. 1378.

We think this case is controlled by the two New Mexico decisions cited next above, State v. Roy and State v. Shroyer, more especially the latter. Indeed, the Shroyer case is almost on all fours with the one now considered. There, an information charging larceny of two sheep failed to allege ownership of the stolen animals. An objection based on omission of this allegation was called to the attention of the trial judge who now is a member of this

Court, Mr. Justice McGhee, whereupon he permitted an amendment by interlineation to specify the owner. But if the omission of such an allegation in the first instance was fatal, that is to say, if the information as it stood failed to charge an offense, it was not subject to amendment and several indispensable conditions to proceeding with the trial, such as waivers of preliminary hearing and of a jury, occurring prior to amendment, could not now be relied upon since the information as amended constituted an entirely new charge. We held against the contentions made and pointed out that under the liberal provisions of the reformed Rules of Criminal Procedure, a crime was charged by the information as it stood prior to amendment, reserving to defendant the right, nevertheless, to demand by bill of particulars the omitted allegation as to ownership.

So it is in the information here challenged. The name of the victim is not given, to be sure, but the offense of rape of a female under 16 years of age was charged almost in the language of the statute. It is called to our attention, however, that the defendant is charged in separate informations with raping two other females under 16 years of age on the same occasion upon invading in the nighttime the home they were occupying at a slumber party. He claims he could not know or tell which of the three he was to be charged with raping on a given setting for trial. The state answers he would have a very easy and ready means of finding out by a motion for bill of particulars.

Our Reformed Rules of Criminal Procedure, approving among other things the short form of indictment, effective July 1, 1934, and providing among other things for a bill of particulars, contained this introductory "Interpretation by Court," as section 35–4400 (Supplement No. 2, page 1) reading:

"35–4400. *Interpretation by Court.* The following rules, 35–4401 to 35–4452, inclusive, constitute in the main a substitution of chapter 6 of the American Law Institute Code of Criminal Procedure for L.1925, c. 145 (1929 Comp.St. ch. 35, art. 44). The exceptions are rules 35–4404, 35–4424, 35–4426, 35–4427 and 35–4428, which it has been deemed wise not substantially to disturb. (Effective July 1, 1934.)"

The case of State v. Williams, 213 La. 1105, 36 So.2d 400, while not cited in the briefs of either party, might be deemed an authority against the conclusion we announce in its holding in first paragraph of the syllabi, reading:

"The name or identity of injured person in a charge of attempted aggravated rape is substantial and not merely descriptive, and indictment charging such offense should make it appear by sufficient allegation who was the injur-

ed person. Code Cr.Proc. art. 230 [L. SA–R.S. 15:230]; Const.1921, art. 1, §§ 9, 10."

In its opinion in that case, the court had this to say touching the question now at issue, to wit:

"The trial judge was of the opinion that the indictment was valid as a short form indictment. Even under the short form of indictment contemplated by Article 235 of the Code. of Criminal Procedure, as amended [LS A–R.S. 15:235], the injured person in the crime of rape must be definitely named, or sufficiently described to show who was the party injured, in conformity with Article 230 of that Code. Since there was no compliance with this requirement in the instant case, the indictment was not valid as a short form indictment."

It is important to note, however, that Louisiana apparently adopted some sections of the American Law Institute Code of Criminal Procedure which were not adopted by us. So much is indicated by this language of Article 230 of the Code of Criminal Procedure in that state. It reads:

"When the name of the person injured is substantial, and not merely descriptive, that is to say, when the injury is to the person, as in murder, rape or wounding, the indictment shall state the name of such person, or if

unknown, that it is unknown, and if unknown, the indictment shall make it appear, by sufficient allegation, who was the party injured."

We do not think the permissive use of name of the victim in a suggested form of information charging rape in Art. 235 of the Louisiana Code of Criminal Procedure (our 1941 Comp., Sec. 42–641, Trial Court Rule 35–4446, Code of Criminal Procedure) where no provision similar to the Art. 230 of the La. Code is found, compels a conclusion by us similar to that reached by the Supreme Court of Louisiana in State v. Williams, supra.

We now reaffirm the language we employed in State v. Shroyer on the subject in hand, as follows [49 N.M. 196, 160 P.2d 448]:

"The constitutional provision which would here be offended against, if any, is Art. 2, Sec. 14, which provides: 'In all criminal prosecutions, the accused shall have the right to appear and defend himself in person, and by counsel; to *demand* the nature and cause of the accusation; * * *.' (Emphasis ours.)

"Our Constitution does not require that the indictment recite all particulars of the offense. It says only that the accused shall have the right to '*demand* the nature and cause of the accusation.' The provision of the stat-

ute, 1941 Comp. Sec. 42–608, in providing for a bill of particulars reflects the appraisal which the Legislature gave the constitutional provision, where we find it provided: 'When an indictment or information charges an offense in accordance with the provision of section 42–607, but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is *entitled to under the constitution* of this state, the court may, of its own motion, and shall, at the request of the defendant, order the district attorney to furnish a bill of particulars * * *.' (Emphasis ours.)"

It follows from what has been said that the trial court erred in discharging the petitioner. The information was not fatally defective in failing to name the victim of the rape charged. The judgment will be reversed and the cause remanded to the district court of Santa Fe County with directions to remand the prisoner to custody of the Superintendent of the State Penitentiary.

It is so ordered.

McGHEE, COMPTON, COORS and LUJAN, JJ., concur.