266 P.2d 351

STATE v. ROESSLER.

No. 5602.

Supreme Court of New Mexico.

Jan. 29, 1954.

Richard H. Robinson, Atty. Gen., Clyde C. McCulloh, Asst. Atty. Gen., Fred M. Standley, Asst. Atty. Gen., for appellant.

F. Gordon Shermack, Santa Fe, for appellee.

FEDERICI, District Judge.

A criminal information was filed against the defendant in the District Court in words and figures as follows:

"Criminal Information

"Bertrand B. Prince, District Attorney for the County of Santa Fe, New Mexico, accuses the defendant, Thomas Roessler, alias Tom Russell, alias Rocky Roessler, of the crime of contributing to the delinquency of a female under the age of 18 years, contrary to New Mexico Session Laws of 1943, Ch. 36, Sec. 1, and states that said criminal act occurred on or about the 9th day of April, 1952. ~~the~~ ~~day of~~ ~~,~~ ~~19~~ ~~-~~, in the County of Santa Fe State of New Mexico.

"/s/ Bertrand B. Prince."

Upon arraignment the State of New Mexico appeared by Bertrand B. Prince, District Attorney, and the defendant appeared in person and by his attorney Harry L. Bigbee, and the transcript discloses the following proceedings were then had:

"Mr. Bigbee: At this time we will waive the reading of the information, and on behalf of the defendant, enter a plea of guilty.

"Court: Thomas Roessler, you have heard this statement of your attorney. Do you agree to waive the reading of the information in this instance?

"Mr. Roessler: Yes, sir.

"Court: You understand the charge, contributing to juvenile delinquency?

"Mr. Roessler: Yes, sir.

"Court: And you agree to waive it and enter a plea of guilty?

"Mr. Roessler: Yes.

"Court: What are the circumstances?

"Mr. Prince: On the 9th day of April, 1952, the defendant, in company with his wife, went to Albuquerque, New Mexico, with a minor of the age of 16 years, by the name of XXXXXX, and there married XXXXXX. They returned to Santa Fe, and then the defendant left with XXXXXX for Texas, where they stayed a day and a night, and then they were returned to Santa Fe, New Mexico. (Victim named in transcript omitted.)

"Court: What offense occurred here in Santa Fe?

"Mr. Prince: The offense here, if it pleases the Court, was the taking of this 16 year old girl out of the county. What occurred subsequently indicates the intention of the defendant to perpetrate this particular act. In other words, the contributing here is the fact that this girl was talked to about marriage, and under the circumstances, defendant already being married and talking to the girl, (here appears name of victim), pertaining to marrying, under the circumstances, would be the contributing to her delinquency.

"Court: Do you have anything to say, Roessler, before the Court passes sentence on you, either you or your attorney?"

Thereupon defendant's counsel made a statement to the Court including the following statements:

"Mr. Bigbee: * * * Mr. Roessler informs me that he can give no adequate explanation for his acts. He says that he is unable to remember many of the things that happened, * * * I rather tend to believe that he is a psychiatric case, in connection with

his apparent loss of memory or the things that he did. However, I will say that I had the man examined shortly by Dr. Hamilton, who, as the Court knows, is not a psychiatrist, but he does have considerable experience, and he expressed the opinion, on a short examination, that the man was sane, which is why I have—that so far as he could tell from his examination, that he couldn't testify the man would be criminally insane to the extent that that would be a defense. However, I do feel that that is the only possible explanation, is all I can tell the Court, * * *."

Thereafter the following conversation took place between the Court and defendant:

"Court: Do you have anything to say, Mr. Roessler, before the Court passes sentence on you?

"Mr. Roessler: No, sir.

"Court: Nothing?

"Mr. Roessler: No.

"Court: How old are you, 21?

"Mr. Roessler: Yes, sir.

"Court: How long have you been married?

"Mr. Roessler: Two and a half years.

"Court: How long have you known this little girl that you took off with you?

"Mr. Roessler: About two months.

"Court: Did she know you were married?

"Mr. Roessler: I don't think so.

"Court: You don't think so?

"Mr. Roessler: No, sir.

"Court: Where is your home, here?

"Mr. Roessler: I was born here, I came from California here about two months ago.

"Court: Have you ever been in trouble before?

"Mr. Roessler: No, sir.

"Court: Of any kind?

"Mr. Roessler: In the service.

"Court: In the service did you get a dishonorable discharge?

"Mr. Roessler: No, it's in between, it's a bad conduct.

"Court: What was that for?

"Mr. Roessler: Three days AWOL.

"Court: And what else?

"Mr. Roessler: I got six months in the Guard House, they were getting rid of all the men over three months at that time.

"Court: When were you discharged?

"Mr. Roessler: April of 1949.

"Court: How long were you in?

"Mr. Roessler: Two and a half years."

Thereafter there followed some conversation between the Court and Mrs. Roessler pertaining to her feelings in the matter, and also pertaining to some other criminal action against her arising out of the same transaction, none of which matters are pertinent here.

The court finally sentenced the defendant orally as follows:

"Court: The Court is going to take into consideration your age, Roessler, and the plea made on your behalf by your attorney, and the statement made by your wife. I want you to know you are going to have to pay the penalty, you can't get out of these things by walking in here and saying you're sorry. It will be the judgment and sentence of the Court that you be confined in the New Mexico State Penitentiary at Santa Fe, New Mexico, for a period of not less than 18 months nor more than 5 years. That will be all."

Almost two months after sentencing, the following motion was filed in the District Court, to-wit:

"Motion to Vacate Judgment and
Sentence and to Withdraw
Commitment

"Comes now Thomas Roessler, defendant in the above entitled matter, and moves that the Court vacate the judgment and sentence previously entered in this cause and withdraw the commitment previously issued, and for grounds of said motion, states:

"1. That heretofore on or about the 3rd day of May, 1952, defendant entered his plea of guilty to the information filed in the above entitled matter.

"2. That this Court had no jurisdiction to try defendant or accept his plea of guilty for the following reasons:

"(a) That the information was not sufficient to advise the defendant with reasonable certainty of the crime with which he was charged.

"(b) The information was not sufficient to enable the defendant to prepare his defense.

"(c) The information was not sufficient for the defendant to be able to plead the record and judgment in Bar to a subsequent prosecution for the same offense.

"(d) That the information does not charge an offense under the statutes of the State of New Mexico.

"3. Since no public offense was charged by the information, defendant's plea of guilty confessed nothing.

"Wherefore, defendant prays that the judgment and sentence in this cause be vacated and commitment withdrawn.

/s/ W. R. Kegel
W. R. Kegel, Salmon Building
Santa Fe, New Mexico
Attorney for Defendant."

The District Court sustained the motion and in so doing made the following finding:

" * * * that defendant's Motion is well taken, in that the information filed in this cause charges no offense under the statutes of the State of New Mexico, and that therefore this court had no jurisdiction to try defendant or accept his plea of guilty."

and made the following order:

"It is therefore ordered, that the Judgment and Sentence heretofore filed in this cause be, and the same hereby is vacated, and the Commitment heretofore issued by the Clerk of this Court be, and the same hereby is withdrawn."

This cause is now before this court by virtue of an order of the District Court allowing the plaintiff, State of New Mexico, an appeal from the order and judgment of the District Court vacating the judgment and sentence and withdrawing the commitment of defendant. The propositions called upon by this appeal to be decided by this court may be stated as follows:

1. Does the information fail to charge an offense:

(a) in that it fails to name the victim; and/or

(b) in that it fails to allege particular acts?

2. Is § 44–116, N.M.Statutes 1941 Annotated, § 1, Ch. 36, Laws of 1943, unconstitutional in that it is vague, indefinite and uncertain?

█ Proposition 1–a is disposed of by our holding in the case of Ex parte Kelley, 57 N.M. 161, 256 P.2d 211, 214, where this Court held that an information charging an accused with statutory rape "was not fatally defective in failing to name the victim of the rape charged."

█ Proposition 1–b is also substantially disposed of by the holding of this court in Ex parte Kelley, supra, and in State v. Shroyer, 49 N.M. 196, 160 P.2d 444. These cases hold that an indictment or information need not recite the particulars of the offense, it being sufficient that the accused shall have the right to demand the nature

and the cause of the accusation, and the cited cases hold in effect that the accused being accorded the right to request a bill of particulars, under § 42–608, N.M.Statutes 1941 Annotated, is thereby amply protected. In the instant case no bill of particulars was requested, and that was a right which the defendant and his counsel had a right to waive, and which was waived by the entry of a plea of guilty without requesting any additional particularization of the charge prior to arraignment (although ample particularization was made in open court and prior to sentencing to the end that the defendant certainly knew the particulars for which he was being sentenced). In any event, however, a particularization of the accusation in the information was waived upon the entry of the plea of guilty upon arraignment, *provided of course the information originally charged an offense under § 42–607, N.M.Statutes 1941 Annotated.* (Emphasis ours.)

Section 42–607, supra, provides as follows:

"(1) The indictment or information may charge and *is valid and sufficient* if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) *By using the name given to the offense by the common law or by a statute.*

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) *The indictment or information may refer to a section* or subsection *of any statute creating the offense charged therein,* and in determining the *validity or sufficiency* of such indictment or information *regard shall be had to such reference.*" (Emphasis ours.)

Does the information in the instant case charge an offense within the meaning of the foregoing § 42–607? We believe it does for the following reasons:

The offense is statutory. § 1 of Chapter 36 of the New Mexico Session Laws of 1943, being also § 44–116, N.M.Statutes 1941 Annotated, provides as follows:

"Section 1. That any person who shall commit any act or omit the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen (18) years, shall upon conviction thereof, be punished by fine not exceeding One Thousand Dollars ($1,000.00) or by imprisonment for not more than five

years, or by both such fine and imprisonment."

The title to the act reads as follows:

"An Act Providing That *Contributing to the Delinquency of a Person Under the Age of Eighteen (18) Years,* Is an Offense and Providing the Punishment Therefor, and Declaring an Emergency." (Emphasis ours.)

The heading to the section as it appears in the 1941 Code published under statutory authority is headed in black type as follows: "Persons contributing to juvenile delinquency". In short it appears rather convincingly that this statutory offense has been given the statutory name generally of "Contributing to the Delinquency of a Person Under the Age of Eighteen (18) Years". The information charges the defendant "of the crime of contributing to the delinquency of a female under the age of eighteen years," and in so doing actually particularizes as to the sex of the victim, a particularization not necessarily prescribed by the statutory name of the offense or the context of the statute creating the offense. Consequently it is our view that an offense has been sufficiently charged under subdivision (a) of subsection (1) of § 42–607, supra, in that the information uses "the name given to the offense * .* . * by a statute."

Further, and as an added basis for finding the information valid and sufficient, it will be noted that the accusation in the instant information refers to the section and chapter of the statute creating the offense charged, thereby invoking the provisions of subsection (2) of § 42–607, supra. And in this connection see State v. Ardovino, 55 N. M. 161, 228 P.2d 947, 949, where this writer in that opinion in finding that the information did not charge an offense conjectured, in the following language, that a different result might have been reached had the information in that case referred to the section of the statute creating the offense:

"It will be noted that in the case at . bar the information does not refer to the section of the statute creating the offense, and consequently subsection (2) of section 42–607, supra, cannot be invoked."

See, also, State v. Sena, 54 N.M. 213, 219 P.2d 287, 289, where this court upheld the information filed under the identical statute involved here. Of course, in the Sena case the information did particularize by setting out that the contribution to delinquency of the minor was by " 'selling alcoholic liquor to him.' " Obviously, the information was sufficient in the Sena case under subdivision (b) of subsection (1) of § 42–607, supra, and was probably sufficient even under the provisions of subdivision (a) of subsection (1) of said § 42–607. Suffice it to say that

in the Sena case this court was not called upon to pass upon the sufficiency and validity of an information which we now find sufficient under the provisions of subdivision (a) of subsection (1) of § 42–607, supra, as supplemented by subsection (2) of said § 42–607.

To recapitulate our conclusion under point 1(b) raised by this appeal, we restate that should further particularization have been desired by the defendant, or his counsel, in the instant case a bill of particulars timely demanded or requested would have properly called upon the trial court to pass on the question of further particularization. Apparently, neither the defendant nor his counsel deemed this necessary under the circumstances and submitted to a fair and open arraignment and sentencing. Our conclusion therefore is that the information in the instant case was valid and sufficient under the provisions of § 42–607, N.M.Statutes 1941 Annotated, and that the failure to particularize further was not a fatal defect in the information.

Proposition (2) raised on this appeal calls upon this court to again pass on the question of whether or not the statute here involved creating the offense of contributing to juvenile delinquency, hereinabove referred to, is unconstitutional as being vague, indefinite and uncertain. This court in State v. McKinley, 53 N.M. 106, 202 P.2d 964, held that the statute here in question was not invalid as being so vague, indefinite and uncertain as to be incapable of interpretation and enforcement. This ruling has been in force in this state since 1949, and has apparently been followed by the trial courts, and no doubt many prosecutions have been had under this act since our prior ruling, and undoubtedly a number of persons have been accused, found guilty and served time, and may now be serving time under the penalty provisions of this statute, and there is nothing that impels us at this late date to reverse our former holding; consequently we reaffirm the constitutionality of said § 44–116, supra, on the grounds again urged in the case at bar.

It follows from what has been said that the trial court erred in vacating the judgment and sentence of the court, and in vacating the commitment theretofore issued by the clerk of the court, and the cause is remanded to the District Court in Santa Fe County with directions to set aside said order of vacation and reinstate the original judgment and sentence of the court and commitment issued by the clerk.

It is so ordered.

McGHEE, C. J., and COMPTON, LUJAN, and SEYMOUR, JJ., concur.