385 P.2d 635

The STATE of New Mexico, Plaintiff-Appellee,

v.

Roger L. GRAVES, Eddie Lee Crouch and Bennie True Whitley, Defendants-Appellants.

No. 7006.

Supreme Court of New Mexico.

Oct. 7, 1963.

**80**

Dan B. Buzzard, Clovis, for appellants.

Earl E. Hartley, Atty. Gen., Oliver E. Payne, L. D. Harris, Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Justice.

Appellants seek a reversal of their conviction of the crime of extraordinary burglary.

By reason of our determination of one of the issues raised by appellants, it is unnecessary to state the facts.

The three appellants Graves, Crouch and Whitley, hereafter referred to as defendants, were charged by separate informations, each of which consisted of four counts. The first count upon which the defendants were tried was as follows:

"COUNT ONE

"COMES NOW Patrick F. Hanagan, District Attorney in and for Chaves County, New Mexico, and accuses the Defendant, Roger L. Graves [Eddie Lee Crouch] [Bennie True Whitley], of the crime of extraordinary burglary, contrary to Section 40–

42–3 NMSA 1953 and alleges that the Defendant did, with intent to rob a safe, vault or money depository of money or other valuable things contained within a store or establishment, put in fear or intimidate or threaten with wrong a person in order to facilitate such robbery and that this did happen on or about the 20th day of January, 1961, in Chaves County, New Mexico."

Identical motions were filed by each of the defendants, seeking a bill of particulars. Specifically, the defendants asked the following:

1. Where the robbery allegedly occurred;

2. The type of building where the alleged robbery took place;

3. The type of container from which the valuables were taken;

4. The amount of money allegedly taken;

5. The name of the persons allegedly intimidated or threatened;

6. The time of the alleged robbery.

The trial court denied the motions and, in so doing, we believe, committed error.

The rule with respect to bills of particulars, insofar as pertinent, being § 41–6–8, N.M.S.A.1953, is:

"(1) When an indictment or information charges an offense in accordance with the provision of section 42–607 [41–6–7], but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the district attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the district attorney may of his own motion furnish such bill of particulars.

"(2) When the court deems it to be in the interest of justice that facts not set out in the indictment or information or in any previous bill of particulars should be furnished to the defendant, it may order the district attorney to furnish a bill of particulars containing such facts. In determining whether such facts and, if so, what facts, should be so furnished, the court shall consider the whole record and the entire course of the proceedings against the defendant. * * *"

■ The state seems to argue that, inasmuch as the allegations of the information contained more information than is actually required under the statute (§ 41–6–7, N.M.S.A.1953), the defendants therefore were not entitled to the additional information sought. It is true that the informations alleged more than was actually necessary

to comply with the statute permitting "short form" informations (§ 41–6–7, supra). However, the mere furnishing of more information than is necessary is not the problem before us; rather, it is a question of whether or not there were sufficient particulars of the offense alleged in order to enable the defendants to prepare a defense, or to which they were entitled under the New Mexico Constitution, art. II, § 14. We are not here dealing with any claimed deficiency in the information itself—only with the problem of what information the defendants are entitled to if they request the same by proper motion.

We held in State v. Roy, 1936, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1, that a bill of particulars must state as much as may be necessary to give the defendant reasonable information as to the nature and character of the crime charged.

■ The fact that an information is valid under the constitution and statutes does not satisfy the requirement of the furnishing of a bill of particulars, if requested. In State v. Shroyer, 1945, 49 N.M. 196, 160 P.2d 444; Ex parte Kelley, 1953, 57 N.M. 161, 256 P.2d 211; State v. Roessler, 1954, 58 N.M. 102, 266 P.2d 351, and State v. Romero, 1961, 69 N.M. 187, 365 P.2d 58, attacks on the informations were rejected, but it was expressly noted that the defendants in each of those cases had failed to ask for a bill of particulars and that they had therefore waived the right to be furnished with additional information. Although it is certainly not intended that the district attorney be required to plead evidence, nor is it intended that informations as supplemented by bills of particulars be in the detail heretofore required before the adoption of the short form of information, still a defendant is entitled, if he properly asks for a bill of particulars, to sufficient information to enable him to prepare a defense.

■ Thus, it would appear to us that the information sought in points 1, 2, 3 and 5 were matters which, not being alleged in the information initially, should have been furnished to the defendants upon their request. We do not feel that items 4 and 6 need have been furnished, inasmuch as the amount of money allegedly taken was immaterial under the charge, and the time of the robbery had already been specified in the information. It was not necessary, in this instance, that the state go further than furnishing the date upon which the offense occurred, and this appears in the information itself. However, the state should have furnished the name of the store where the robbery allegedly occurred; what type of a store it was; whether a safe, vault, or some other type of money depository was involved; and the name of the person or persons allegedly intimidated or threatened. With respect to this last item, we realize that the second count of the informations gave the name of an individual allegedly assaulted, but the case was tried upon a single

count of the information, and, although in some instances it might be otherwise, the particulars as to this count should have been furnished under the facts of this case.

Even though there are authorities from other jurisdictions which seemingly hold that the denial of a motion for a bill of particulars is a matter within the discretion of the trial court, and this was the rule at common law (see Anno. 5 A.L.R.2d 444), our rule would seem to make it mandatory that certain basic information, not evidence, be furnished.

■ The record before us consists of the proceedings commencing with the filing of the information, and does not disclose anything that occurred prior to that time. Thus, insofar as we can determine from the record, there was nothing more than this before the court which might bring into play the last sentence of § 41–6–8(2), N.M.S.A. 1953. Neither can we consider in retrospect whether any actual prejudice resulted in the trial by reason of the failure to furnish the requested information to the defendants. We must view the proceedings as they were at the time of the hearing of the motion for a bill of particulars, and at least at that time the motion should have been granted as to the items above mentioned. The failure of the trial court to grant the motion is, as we said, error, and requires a reversal of the cause.

There are other matters raised in the appeal which we do not reach by reason of our disposition of the error as to the bill of particulars. However, because of the fact that the case must be reversed and a new trial granted, we deem it necessary to point out to the trial court another error which occurred at the trial. This relates to the defendant Whitley, because of the trial court's refusal to give an instruction with respect to possession of what was claimed to be a part of the "fruits of the crime."

The instruction as offered by the defendant Whitley utilized the summarization of certain instructions in the opinion in State v. Wallis, 1929, 34 N.M. 454, 283 P. 906. In that case, we did not pass upon the validity of the instructions. Instead, we said:

"Whether * * * entitled to instructions so favorable is a question not suggested in argument and which we do not consider. Even if * * * not, the instructions were binding on the jury as the law of the case."

However, the essence of defendant Whitley's argument is that the jury should have been instructed that it must first find the money which was recovered from Whitley's car to have been money taken in the robbery, and that it must thereafter determine whether Whitley participated in the robbery, or the common scheme or design pursuant to which the robbery was committed, and that only then could the money found in Whitley's car be considered as a circumstance of his guilt. The trial court declined to give the proffered instruction, and ac-

tually gave no instruction whatsoever on the subject. It is the failure to instruct on this phase of the case which necessitates our comment.

The instruction as offered is, to say the least, confusing, and concerns two distinct although related issues, which, for clarity, should probably be the subject of more than one instruction.

■ The court, in its instructions, must explain to the jury the rules of law with respect to the possession of unidentified money, so that the jury will have a guide in making its determination of what weight, if any, is to be given to this type of evidence. A discussion of the rules in this regard appears in 1 Wigmore on Evidence, 3d ed., § 154, as follows:

"The mere possession of a quantity of *money* is in itself no indication that the possessor was the taker of money charged as taken, because in general all money of the same denomination and material is alike, and the hypothesis that the money found is the same as the money taken is too forced and extraordinary to be receivable. But where the denominations of the money found and the money taken correspond in a fairly close way, the fact of the finding of that specific money would have probative value and be relevant, because the money found is fairly marked as identical with the money taken.

"Another mode, however, of making the fact of money-possession relevant is to show its *sudden possession, i. e.* to show that before the time of taking the person was without money, while immediately after that time he had a great deal; this reduces the hypotheses to such as involve sudden acquisition, and a dishonest acquisition thus becomes a natural and prominent hypothesis. On such conditions the possession of unidentified money becomes relevant."

See, also, Hansbrough v. United States (8th Cir., 1946), 156 F.2d 327; Gill v. United States (5th Cir., 1961), 285 F.2d 711; State v. Cofer, 1952, 73 Idaho 181, 249 P.2d 197; People v. Wheeler, 1955, 5 Ill.2d 474, 126 N.E.2d 228; State v. Mihoy, 1953, 98 N.H. 38, 93 A.2d 661, 35 A.L.R.2d 852. Cf. State v. Ball (Mo.1960), 339 S.W.2d 783. It follows that the jury must be satisfied beyond a reasonable doubt that the defendant had in his possession the actual fruits of the crime, or a part thereof.

This brings us to the other issue upon which an instruction is necessary, i. e., a determination by the jury, that the defendant had in his possession the fruits of the crime, does not justify a finding of guilt unless there is evidence of other circumstances connecting the defendant with the offense. State v. Wallis, supra. Therefore, the jury should also be instructed as to the requirement of proof by the state of other circumstances by which the de-

fendant is linked to the crime charged. In this connection, in State v. Lott, 1936, 40 N. M. 147, 56 P.2d 1029, we quoted with approval a statement from State v. Kinsey, 1931, 77 Utah 348, 295 P. 247, as follows:

" 'Possession of articles recently stolen, when coupled with circumstances of hiding or concealing them, or of disposing or attempting to dispose of them, or of making false or unreasonable or unsatisfactory explanations of the possession, may be sufficient to connect the possessor with the commission of the offense. But mere or bare possession when not coupled with other culpatory or incriminating circumstances, does not alone suffice to justify a conviction.' "

Compare State v. White, 1933, 37 N.M. 121, 19 P.2d 192. See, also, State v. Romero, 1960, 67 N.M. 82, 352 P.2d 781; and 9 Wigmore on Evidence, 3d ed., § 2513.

 The necessity for instructions on the above matters is of particular importance with respect to the case against the defendant Whitley, because of the fact that there is a total absence of proof of direct participation by this defendant in the robbery; and such proof being lacking, the defendant could only have been convicted as an aider or abettor. It would also be well for the court, in the event of retrial, to instruct the jury on the applicable law relating to the consideration to be given to evidence which may apply to one or more of the jointly-tried defendants, but not all.

With this admonition, we are confident that the able trial judge will, upon retrial, properly instruct the jury as to this phase of the case.

The other errors alleged are not such as require any discussion by us.

The judgments of conviction as to all three of the defendants will be reversed and a new trial granted. It is so ordered.

NOBLE and MOISE, JJ., concur.