450 P.2d 196

**Thomas ROESSLER, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Defendant-Appellee.**

**No. 257.**

Court of Appeals of New Mexico.

Jan. 10, 1969.

Snyder H. Downs, Downs & Roberts, Santa Fe, for petitioner-appellant.

**788**

Boston E. Witt, Atty. Gen., Larry N. Smith, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

WOOD, Judge.

The trial court denied petitioner's motion to vacate and set aside a judgment of conviction; he appeals. We consider: (1) whether the motion is authorized under our rules and (2) the claims made in the motion.

### 1. *Authority for the motion.*

In 1952, defendant pled guilty to contributing to the delinquency of a female minor under the age of eighteen years. Subsequently, the trial court vacated the judgment and sentence. Upon the state's appeal, this action of the trial court was reversed; the original judgment and sentence was reinstated. State v. Roessler, 58 N.M. 102, 266 P.2d 351 (1954).

In his current attempt to vacate the judgment of conviction, petitioner asserts that he has served the sentence imposed in 1952. He challenges the validity of the judgment because the 1952 judgment " * * * was used as a 'prior felony conviction' against him in California; * * ".

■ The attack on the judgment cannot be made under § 21–1–1(93), N.M.S.A. 1953 (Supp.1967). This rule authorizes post-conviction remedies for "A prisoner in custody under sentence of a court established by the laws of New Mexico * * ". Petitioner is not in custody under a sentence from a New Mexico court.

In his motion, however, petitioner asserts that the 1952 judgment is void. Such an attack is authorized under § 21–1–1 (60) (b) (4), N.M.S.A. 1953, even though the sentence has been served. State v. Romero, 76 N.M. 449, 415 P.2d 837 (1966); see State v. Raburn, 76 N.M. 681, 417 P.2d 813 (1966).

### 2. *The claim made.*

■ Petitioner attacks the sufficiency of the information charging him with the 1952 offense. All but one of his claims were determined adversely to petitioner in State v. Roessler, supra. Ordinarily claims previously raised and disposed of in a prior appeal will not be considered. See State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); compare State v. Sisneros, 79 N. M. 600, 446 P.2d 875 (1968). But even if the previously disposed of claims could be considered, they provide no basis for holding the judgment void.

■ In the current motion, petitioner makes one new attack on the sufficiency of the 1952 information. He claims that the information is insufficient because it fails to specify whether the 1952 offense was a felony or a misdemeanor. Assuming, but not deciding, that such a claim is sufficient under § 21–1–1(60) (b) (4), supra, it does not provide a basis for relief from the judgment. Our statutes do not require that the information identify the offense as a felony or misdemeanor. See §§ 41–6–6 and 41–6–7, N.M.S.A.1953 (repl. vol. 6, 1964).

Petitioner's remaining claims concern the validity of his guilty plea, which he characterizes as a "coerced confession".

■ His claims, and our answers are:

(a) " * * * he was instructed by Counsel, to say nothing except to enter the plea to what defendant was told and believed to be a misdemeanor charge in the State of New Mexico, as he knew it was in the State of California." If this is a claim that petitioner entered his plea on advice of counsel, it provides no basis for relief. State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967). If this is a claim that petitioner did not fully understand the consequences of his plea, it provides no basis for relief. If he did not understand, he could have asked his attorney. State v. Williams, supra. If this is a claim that the trial court failed to explain the effect of the plea, it still provides no basis for relief. The trial court is not obligated to explain the effect of a guilty plea entered by a defendant represented by

counsel. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967).

(b) He "* * * plead guilty in exchange for dismissal of criminal charges against a young woman, petitioner passed off as his wife." State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App.1968), explains why such a claim provides no basis for relief.

The order denying the motion to vacate judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.