## ROBINSON et al. v. UNITED STATES.

### No. 5718.

Court of Appeals of the District of Columbia.
Argued Oct. 31, 1932.
Decided Jan. 16, 1933.

Cedric F. Johnson, Edna L. Parker, E. Russell Kelly, and Charles S. Williams, all of Washington, D. C., for appellants.

Leo A. Rover, U. S. Atty., and John J. Sirica, Asst. U. S. Atty., both of Washington, D. C.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appellants were convicted in the Supreme Court of the District of murder in the first degree under a count in an indictment charging them with the killing while attempting to perpetrate the crime of robbery. Section 21, ch. 2, Title 6, D. C. Code, 1929, § 798, D. C. Code, 1924.

The material facts are substantially as follows: On July 29, 1931, between 7:30 p. m. and 9:30 p. m., appellants, who were well acquainted, met at the corner of Second and F Streets Southwest, in this city, and agreed to go "clipping," "meaning stick-ups." They got into a cab and drove to the home of Layton, who went in and brought out a .45 automatic pistol, which he gave to Robinson. They then looked over several stores, but for various reasons did not enter them. Finally they went into a store on the corner of South Capitol and O Streets Southeast, and attempted to hold up the proprietor, who made such an outcry that they took flight. They separated, but got together again at a lunch room; then went to a pool room, where they played pool for a short time. They left the

pool room shortly after 11 p. m., walked to Ninth and New York Avenue Northwest, where they hailed a taxi driver by the name of Mannie Solomon. He was directed to go to the southwest section of the city. Robinson and Washington each was armed with a pistol. When the cab reached Union Street, near O Street Southwest, the driver was told to stop. Robinson got out on the left side of the cab and Layton and Washington got out on the right side. As Solomon was attempting to put the money Robinson had given him in his pocket, Robinson and Washington "put our (their) guns on him, and told him to stick 'em up." Solomon did not put up his hands, but started to drive off. Robinson then fired a shot at him, striking him in the neck and killing him almost instantly. Each of the appellants attempted flight, but within a short time was arrested. Each made and signed a detailed confession covering the movements of the three which culminated in the murder.

■■ It is conceded that these confessions were freely and voluntarily made, but it is here insisted, as it was below, that the court erred in admitting that portion of the confessions which covered the activities of appellants prior to the time they entered Solomon's cab. While it is the general rule that a confession to be admissible must relate to the offense charged, it is equally true that it may include other offenses when there can be no separation of the relevant and irrelevant parts (Richardson v. State, 101 Tex. Cr. R. 467, 276 S. W. 270; People v. Spencer, 264 Ill. 124, 139, 106 N. E. 219), or when "the two crimes are so connected as to be part of a general scheme" (Borum v. United States, 61 App. D. C. 4, 56 F.(2d) 301, 303, 60 W. L. R. 200). But we do not need to determine in the present case the admissibility of that part of the confessions which dealt with the evening's occurrences prior to the time appellants entered Solomon's cab, for the reason that each of the defendants was a witness in his own behalf and through their testimony substantially the same facts as were detailed in the confessions were placed before the jury. They thereby waived their objection to the introduction of the confessions as a whole. The trial court was careful to instruct the jury that the statements with respect to the acts and conduct of the defendants before they entered the taxicab of Solomon could only be considered in determining the question of defendants' motive in doing whatever the jury should find they did do thereafter.

■ It is further insisted that the court erred in receiving in evidence photographs depicting the scene immediately following the shooting. By pleas of not guilty, the defendants imposed upon the government the burden of proving every issue in the case. Robinson had told the officers that he was on the left side of the cab when he fired the shot. The photographs showed the position of Solomon in the cab immediately following the shooting and tended to corroborate the testimony of the officers. They were clearly admissible. State v. Woods, 62 Utah, 397, 220 P. 215; King v. State, 108 Neb. 428, 187 N. W. 934; Snowden v. State of Maryland, 133 Md. 624, 106 A. 5.

■ In the final paragraph of appellants' brief it is suggested that there was a lack of evidence against the appellant Layton. We have read the record with care and find no merit in this suggestion. It conclusively appears that the three defendants on the night in question started out with the common purpose of robbery and that they still entertained that intent when they entered Solomon's taxicab. It will be remembered that Layton actually furnished the pistol with which the murder was committed.

Appellants were accorded a fair trial, in which their guilt was conclusively established.

The judgment must be affirmed.

Affirmed.