192 P.2d 559

**STATE v. JONES.**

No. 5068.

Supreme Court of New Mexico.

April 6, 1948.

Rehearing Denied May 3, 1948.

William H. Darden and William P. Kearns, Jr., both of Raton, for appellant.

C. C. McCulloh, Atty. Gen., and Robert V. Wollard, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

Appellant was tried and convicted of murder in the first degree and his punishment was fixed at death by electrocution. He appeals from the verdict and judgment.

The material facts are substantially as follows: On March 5, 1947, between the hours of ten and eleven o'clock in the forenoon, appellant was picked up by Jess V. Larson on U. S. Highway No. 85 at the outskirts of the city of Pueblo, Colorado, who then proceeded as far as Walsenburg, Colorado, where they stopped for 25 or 30 minutes, then resuming their trip south. When they reached a point approximately one and a quarter mile on this side of the Colorado line and within the State of New Mexico, appellant drew his gun, pointed it at Larson, and ordered him to pull over on the side of the road and stop, where he robbed him of his money in the sum of $80.00. Appellant took charge of the car and drove it from that point.

When they reached the outskirts of the City of Raton, New Mexico, appellant commanded Larson to lie down on the floor board of the car, but instead he grabbed the steering wheel and in so doing he slipped and fell, whereupon appellant hit him over the head with his gun. The gun discharged but neither was hit. Although the blow did not render Larson unconscious, he remained down on the floor board. While he was in this position, the appellant drove through the City of Raton and on out on Highway No. 87 for about twenty or twenty-five miles and turned off on the Kiowa road, driving some five miles from the junction before stopping the car next to a cement culvert.

The appellant then compelled Larson to crawl headfirst into the culvert and himself crossed immediately to the other side, where, from a stooped position, he fired four or five shots into Larson's head and body as he lay therein in a prostrate and helpless condition. Thereupon, and without pausing to ascertain whether Larson was alive or dead, the appellant fled the scene of his crime and, travelling by a circuitous route, reached Springfield, in the State of Illinois, where he was apprehended on March 28, 1947. There, he signed two de-

tailed confessions covering his movements which culminated in the murder. After receiving detailed information from the police department at Springfield, Illinois, the sheriff's office in Raton located the deceased's body.

The first point relied upon by appellant for reversal is that the trial court erred in refusing to sustain his motion to quash the information because it did not conform to the provisions of Section 42-604(1) of the New Mexico Statutes, 1941 Compilation, which reads as follows:

"All informations shall be subscribed by the district attorney. Except in cases where the defendant has been held to answer in a preliminary examination, the information shall be verified by the oath of the prosecuting attorney or that of the complainant or of some other person. When the information is verified by the district attorney, it shall be sufficient if the verification is upon information and belief."

The verification made by T. A. Griffith, the sheriff of Colfax County, is as follows:

"T. A. Griffith being duly sworn upon oath states: That he has read the foregoing information knows the contents thereof and that he verily believes the same to be true. (signed) T. A. Griffith."

The appellant was arraigned on April 7, 1947, and instead of entering a plea elected to stand mute, whereupon the trial judge directed that a plea of not guilty be entered for him. The motion to quash the information was not filed until April 16, 1947.

Paragraph (2) of Section 42-604, supra, reads:

"No objection to an information on the ground that it was not subscribed or verified, as above provided, shall be made after moving to quash or pleading to the merits."

The appellant seeks to void the bar of this statute by the claim that his standing mute and having a not guilty plea entered in his behalf by the trial court is not a pleading to the merits within the contemplation of the statute just quoted. Section 42-652, 1941 Comp., provides:

"If the defendant refuse to answer the indictment or information by demurrer or plea, a plea of not guilty must be entered."

If by standing mute a defendant could nullify our statutes on criminal procedure endless confusion and delays would result. We must hold that when the appellant stood mute and had a plea of not guilty entered for him, he waived any objection to the form of the verification. See State v. Kusel, 29 Wyo. 287; 213 P. 367; Jordan v. United States, 9 Cir., 299 F. 298; Trimble v. State, 61 Neb. 604, 85 N.W. 844.

Under point two appellant urges that the court erred in overrruling his motion for a change of venue filed on April 16,

1947. It was supported only by his affidavit. He relies strongly on the case of State ex rel. Tittman v. McGhee, 41 N.M. 103, 64 P.2d 825. The question in that case was whether a party who had disqualified the resident district judge in a case could also disqualify the judge of another district who had been designated by the Chief Justice. In discussing the question Justice Brice cited cases relating to change of venue and applied the reasoning of those cases to the question before the court in that case. He also referred to our statute, now Section 19-505, Comp.1941, relating to a second change of venue. He did not, however, discuss the effect of Section 2, Chapter 60, Session Laws of 1929, now appearing as Section 19-504, Comp.1941, which reads:

"Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or overrule said motion."

This section was added as an amendment to the change of venue statute then existing. By its plain terms the trial court may hear witnesses on the hearing, as was done in this case, and may grant or deny the motion, subject, of course, to a review here in the event of an abuse of a sound discretion. Four witnesses were called and examined on the issues raised by the motion for change of venue. The trial court made findings of fact, the substance of which was that the inhabitiants of Colfax county were not prejudiced against the appellant, that no reason existed why he could not obtain a fair and impartial trial in the county and that he could, in fact, obtain such a trial there. A careful examination of the record shows that the findings are supported by substantial evidence and that there was no abuse of discretion in denying the motion. This is all that the appellant could ask. Haddock v. State, 141 Fla. 132, 192 So. 802.

Under points three and four, appellant argues that the court erred in admitting certain confessions made and signed by him because, (1) the corpus delicti had not been proved, and (2) because they were not voluntarily made. We have examined the record and find that it had been established at the time of the introduction of the confessions that Larson was in fact dead, and that his death had been criminally caused by another. This sufficiently proved the corpus deliciti. State v. Chaves, 27 N. M. 504, 202 P. 694; State v. Dena, 28 N. M. 479, 214 P. 583. The state clearly showed the voluntary nature of the confessions before they were admitted in evidence. It was not until the appellant took the stand and himself fully corroborated in detail, everything set out in the confessions that he stated on re-direct examination that his confession followed the statement of a police sergeant in Springfield, Illinois, that if he would "shoot straight and come clean", it would go a lot easier with him.

The appellant did not request an instruction that if the jury believed the confessions were induced by a hope and expectation of clemency caused by the claimed statement of the officer, they should disregard them under the rule approved in State v. Anderson, 24 N.M. 360, 174 P. 215. The error, if any, in the admission of the confessions was rendered harmless when the appellant took the stand and as a witness in his own behalf testified to the same facts they detailed. State v. Talamante, 50 N.M. 6, 165 P.2d 812; Robinson et al. v. United States, 61 App.D.C. 370, 63 F.2d 147.

 Under point five, appellant argues that the court erred in admitting in evidence certain photographs taken at the scene of the crime. They were introduced and admitted as a group. His objections were that, (1) they were calculated to arouse and inflame the minds of the jury; (2) they were taken by non-professional photographers; (3) the proper foundation was not laid for their introduction; and (4) the evidence which they attempted to support had already been fully developed and that they were therefore irrelevant.

The photographs show the locus criminis; the height and width of the culvert, and the body of deceased before and after it had been taken out from under the culvert, and we do not see how they could have misled the jury in any way. They merely gave the jury a better description than could have been given by words. They cannot be characterized as gruesome or inflammatory. The body of the deceased after it had been taken out from beneath the culvert lay on its side and the wounds on the head and body could not be seen. We cannot hold that they had such a tendency to so create unfair prejudice that it was the duty of the court to exclude them. The fact that they were not taken by a professional photographer does not render them inadmissible in evidence. In order to warrant admission in evidence of photographs, if otherwise competent, it is only necessary to show that they are a true likeness of the objects they purport to represent. This may be shown by the persons who made them or by any other competent witness. Kortz v. Guardian Life Ins., Co. of America, 10 Civ., 144 F.2d 676. Before the admission of the photographs in question, testimony was introduced by the State to the effect that they accurately represented the objects appearing therein.

 By the plea of not guilty appellant imposed upon the state the burden of proving, beyond a reasonable doubt, every material issue in the case. Appellant testified that he had stopped the car next to the culvert, ordered the deceased to crawl into it head first and then himself crossed to the opposite side from which point, and in a stooped position, he had fired four or five times at the head and body of deceased. The pictures show with

the exception of the body lying next to the culvert, exactly what he detailed in his confessions and testimony. This tended to corroborate the testimony of state witnesses. State v. `Woods, 62 Utah 397, 220 P. 215; King v. State, 108 Neb. 428, 187 N.W. 934; Snowden v. State, 133 Md. 624, 106 A. 5.

 We are satisfied that the defendant was accorded all of the rights he was entitled to under the law, that he is guilty as charged, and that no error of a prejudicial character was committed in his trial. The judgment will be affirmed. It is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.