365 P.2d 58

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert ROMERO, Defendant-Appellant.

No. 6920.

Supreme Court of New Mexico.

Sept. 18, 1961.

Rehearing Denied Oct. 18, 1961.

N. Tito Quintana, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Thomas O. Olson, Mark C. Reno, Asst. Attys. Gen., for appellee.

COMPTON, Chief Justice.

At a trial before the court, a jury having been waived, the appellant was convicted of the crime of involuntary manslaughter on two counts of an information which charged, in the first count, the unlawful killing of Marionetta Ledford; and, in the second count, the unlawful killing of Mark Ledford, for which offenses he was sentenced to serve a term in the penitentiary of not less than one year nor more than ten years on each count, the sentences to run concurrently. From the judgment imposing sentence, this appeal is taken.

The appellant first challenges the sufficiency of the evidence; consequently, we will review the record only to the extent of determining whether the conviction is supported by substantial evidence. State v. Martin, 53 N.M. 413, 209 P.2d 525; State v. Alls, 55 N.M. 168, 228 P.2d 952.

James Ledford, Marionetta Ledford, his wife, and their son, Mark Ledford, lived in southwest Albuquerque. On the night of July 31, 1959, they attended a picture show. They left the show shortly after midnight in a Studebaker automobile driven by James Ledford. To reach their home, it was convenient to travel Central West. After reaching Central, James Ledford drove west on the inside lane, at a speed of 25 or 30 miles per hour. His purpose in driving on the inside lane was so that he could turn left at the intersection of 50th Street and Central West. Before attempting to turn left at the intersection, however, he looked in his rear mirror and saw an automobile approaching from the rear at high speed in his lane of travel. Before he could make the turn, his automobile was struck from the rear by an automobile, an

Oldsmobile, driven by the appellant. As a result of the collision, Marionetta and Mark Ledford were thrown from the Ledford automobile, and both died at the scene of the accident. The accident occurred in a 35-mile zone and, immediately prior thereto, appellant was driving his automobile at a speed of between 60 and 80 miles per hour.

█ The witness Don Williams, a police officer, appeared at the scene shortly after the accident. He took various measurements, the point of impact, location of vehicles after the collision, and measurements pertaining to the accident itself. Based on these measurements, he testified that the right headlight of the appellant's automobile had struck the Ledford Studebaker "dead center" in the rear, knocking it in a northwesterly direction; first, into a parked pickup truck, then into a Chrysler automobile parked in front of the pickup, tearing out the center post and ripping open the back door before finally coming to a stop 143 feet from the point of impact. We deem this evidence to be substantial. It is clear that appellant was driving in an unlawful manner and without due caution and circumspection.

While not necessarily determinative of the question of guilt, there is evidence of a substantial nature that the appellant was intoxicated at the time. The accident occurred on a well lighted street and ap-pellant testified that he did not see the Ledford automobile until it appeared suddenly before him, "coming out of nowhere"; yet, the Ledford automobile was plainly visible to other witnesses. After the accident, he was brought to the police station for interrogation. When walking about the police station, he would steady himself by holding onto the furniture, his speech was blurred, and the odor of alcohol was on his breath.

We conclude that the evidence established beyond any reasonable doubt that appellant's conduct in driving his automobile was the proximate cause of the accident, and that his conduct was so reckless, wanton, and wilful as to show an utter disregard for the rights of others. State v. Harris, 41 N.M. 426, 70 P.2d 757; State v. Turney, 41 N.M. 150, 65 P.2d 869; State v. Rice, 58 N.M. 205, 269 P.2d 751.

██ The appellant complains that the state failed to prove the corpus delicti. While proof of the corpus delicti is an essential element to be established by the evidence and beyond a reasonable doubt, we entertain no misgivings as to the sufficiency of the evidence in this respect. James Ledford testified that his wife and son were dead at the scene of the accident, and that he took the bodies to Lake City, South Carolina, and was present when they were interred there. In homicide cases, the

corpus delicti is established when it is shown that the person whose death is alleged in the information is in fact dead and that the death was criminally caused. State v. Chaves, 27 N.M. 504, 202 P. 694; State v. Jones, 52 N.M. 118, 192 P.2d 559.

■■ The denial of appellant's motion for a new trial is another point raised on appeal. The basis of his motion was that the information on which he was tried was fatally defective. Specifically, he argues that §§ 41-6-6, 41-6-7, and 41-6-41, 1953 Comp., relating to simplified statutory forms for informations and indictments, contravene § 14, Art. 2, New Mexico Constitution, since the elements of the offenses were not set forth in the information. We deem this point without merit. The information charges manslaughter. It is in the form provided by § 41-6-41; it enumerates the section defining the offense, § 40-24-7, and the section fixing the penalty, § 40-24-10, 1953 Comp. This was sufficient. State v. Herrera, 28 N.M. 155, 207 P. 1085, 24 A.L.R. 1134; State v. Shroyer, 49 N.M. 196, 160 P.2d 444; State v. Cummings, 63 N.M. 337, 319 P.2d 946; Stapleton v. United States, 9 Cir., 260 F.2d 415. It is true, appellant was entitled "to demand the nature and cause of the accusation" against him, § 14, Art. 2, New Mexico Constitution, and while that remedy was available by way of Bill of Particulars, § 41-6-8, 1953 Comp., he did not choose to make use of it. Consequently, any claimed error is waived. State v. Roessler, 58 N.M. 102, 266 P.2d 351; State v. Shroyer, supra; State v. Cummings, supra.

■■ During the trial it came to appellant's attention that a Mr. Satterfield, the arresting officer and complaining witness, was not present for the hearing though he had been subpoenaed both by the state and the appellant. Appellant thereupon moved for a continuance of the case in order to secure the testimony of the witness; the motion was denied. It is argued that the court erred in denying him the right to be confronted by the witness against him. We see no error in the ruling of the court. The right of an accused to be confronted by witnesses does not require the prosecution to call any particular witness. See note 63, 23 C.J.S. Criminal Law § 999, where the cases are assembled. There is evidence that at that very moment the witness was hospitalized and undergoing surgery; that the trial judge offered to permit the taking of the witness' deposition, which offer appellant refused. The granting of a continuance in such circumstances was a matter addressed to the sound judicial discretion of the trial court, and we fail to see any abuse of discretion. State v. Sanchez, 58 N.M. 77, 265 P.2d 684; State v. Fernandez, 56 N.M. 689, 248 P.2d 679. See cases at 22A C.J.S. Criminal Law § 482, p. 80.

The argument is advanced that the negligence of James Ledford in driving his automobile contributed as a proximate cause of the accident. The record discloses that James Ledford testified that after he saw the appellant's automobile approaching him in his lane of traffic, traveling at a high rate of speed, that he varied his course slightly in an effort to avoid the accident. However, Ledford's conduct has no application here since it was the criminal negligence of the accused that caused the deaths.

"The rules of law concerning contributory negligence as a defense in civil actions for damages for personal injuries have no application to homicide cases based on criminal negligence in operating an automobile. The decedent's behavior is admissible in evidence, and may have a material bearing on the question of the defendant's guilt, for a homicide due solely to the negligence of the decedent imposes no criminal liability on the driver of the automobile which killed him. But if the culpable negligence of the defendant is found to be the cause of the death, he is criminally responsible whether the decedent's failure to use due care contributed to the injury or not." Annotation 99 A.L.R. at page 833.

The point is made that the court erred in permitting the witness James Ledford, over objection, to remain in the courtroom during the trial after the rule of exclusion had been invoked. We fail to see error in the ruling of the court. This was a matter within the discretion of the trial court and appellant has failed to show that he has been prejudiced in any manner as a result of the ruling. State v. Curry, 27 N.M. 205, 199 P. 367. See also 23 C.J.S. Criminal Law §§ 1010 and 1011, pp. 377, 381.

The judgment should be affirmed, and it is so ordered.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.