434 P.2d 386

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy Chester HALL, Defendant-Appellant.**

**No. 8430.**

Supreme Court of New Mexico.

Dec. 4, 1967.

Norman D. Bloom, Jr., Alamogordo, for appellant.

Boston E. Witt, Atty. Gen., Tom Overstreet, Edward ·D. Pearson, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

MOISE, Justice.

Defendant seeks release from prison through a motion under Rule 93 (§ 21–1–1(93), N.M.S.A. 1953) asserting denial of constitutional rights by the trial court in admitting certain incriminating admissions of defendant into evidence.

On March 4, 1965, defendant was tried and convicted in Otero County of the crime of kidnapping and armed robbery. He received two sentences of 10 to 50 years, to run consecutively, with the last 25 years of the armed robbery sentence suspended. After a hearing on the motion at which defendant was represented by court-appointed counsel, findings of fact were made and the motion denied.

Defendant claims denial of his constitutional rights in admitting into evidence two statements of police officers. In the first, the officer testified, "Well, when I asked him what was the trouble, what made him do a thing like that, and his remark was, 'I don't know,' or something to that effect * * *," and a second answer of the same officer stating, "We told him that he didn't have to tell us anything unless he wanted to. He talked freely. He would hardly give us a chance to ask him anything. He says, 'Hell, I don't mind telling you everything I did.'" However, on motion, this statement by defendant was stricken by the court.

■ It is defendant's position that the quoted testimony was not admissible under the law as announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Under the ruling in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), referred to by us in State v. Montoya, 78 N.M. 294, 430 P.2d 865 (1967), the trial having commenced after June 22, 1964, but before June 13, 1966, the pronouncements in Escobedo, supra, are applicable, but not those in Miranda, supra.

■ In the instant case the first statement was offered and received without objection. As already noted, the second was stricken on motion. No request had been made by defendant to have counsel present. To the contrary, upon being advised of his right not to answer questions, he spoke freely and voluntarily. As we understand Escobedo, supra, it does not prohibit the use of voluntary statements made by a person in custody. Rather, it is addressed at assuring that he has been advised of his rights. The voluntary character of the statements made by defendant is not an issue here. Compare State v. Ramirez, 76 N.M. 72, 412 P.2d 246 (1966); Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). The holding in Escobedo is to be found in the following paragraph, which we quote:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process

566

of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. 335, at 342, 83 S.Ct. 792, at 795, 9 L.Ed.2d 799, and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

Our appraisal of Escobedo, supra, accords with the explanation of that case contained in Miranda, supra, from which we quote:

"Our holding there stressed the fact that the police had not advised the defendant of his constitutional privilege to remain silent at the outset of the interrogation, and we drew attention to that fact at several points in the decision, 378 U.S. at 483, 485, 491, 84 S.Ct. 1758, at 1761, 1762, 1765, 12 L.Ed.2d at 981, 982, 986. This was no isolated factor, but an essential ingredient in our decision. The entire thrust of police interrogation there, as in all the cases today, was to put the defendant in such an emotional state as to impair his capacity for rational judgment. The abdication of the constitutional privilege—the choice on his part to speak to the police—was not made knowingly or competently because of the failure to apprise him of his rights; the compelling atmosphere of the in-custody interrogation, and not an independent decision on his part, caused the defendant to speak."

It follows that defendant has failed to establish his claim that his constitutional rights were in any way infringed through admission into evidence of the statements made by him to the officers. There was no error in receiving the evidence. Accordingly, it is unnecessary for us to consider defendant's second point that fundamental error was present, or that the burden was on the state to clearly show that no prejudice resulted from the introduction of the evidence.

The judgment should be affirmed. It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.