437 P.2d 1006

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Cecil FINES, Defendant-Appellant.**

**No. 8425.**

Supreme Court of New Mexico.

Feb. 12, 1968.

John W. Danfelser, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

This is an appeal from an order of the district court denying post conviction relief

under Rule 93, § 21–1–1(93), N.M.S.A. 1953, without a hearing.

Appellant was convicted of the crime of armed robbery. Thereafter, he filed a pro se motion under Rule 93, alleging the lack of counsel at a justice of the peace hearing, and the admission at his trial of illegally seized evidence. His automobile was searched, without a search warrant, shortly after the robbery, and articles taken from the victim of the robbery were found therein. This evidence was used against him at the trial, and its admissibility was the basis of his motion. The motion was denied without a hearing, and this appeal followed.

On appeal the appellant does not raise the issue of lack of counsel before trial, but does raise the issue of the admission of alleged illegally obtained evidence. He contends that the court erred in denying his motion without appointing counsel for him and without granting him a hearing. The motion does not present a question for review under Rule 93. The Rule was adopted from 28 U.S.C., § 2255, and the interpretation of that section by the federal courts is persuasive of its meaning. State v. Weddle, 77 N.M. 420, 423 P.2d 611. We note, however, a division exists in the federal courts as to whether the admission of alleged illegally obtained evidence renders the judgment subject to collateral attack. Among those holding that judgments are not open to collateral attack are DeWelles v. United States, 372 F.2d 67 (7th Cir. 1967); Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822 (1966); Cox v. United States, 351 F.2d 280 (8th Cir. 1965); Kapsalis v. United States, 345 F.2d 392 (7th Cir. 1965); Armstead v. United States, 318 F.2d 725 (5th Cir. 1963); and Williams v. United States, 307 F.2d 366 (9th Cir. 1962). On the other hand, United States v. Sutton, 321 F.2d 221 (4th Cir. 1963) and dictum in Gaitan v. United States, 317 F.2d 494 (10th Cir. 1963) support a contrary view.

While opinions on both sides of the question are well reasoned, we share the view of those not allowing collateral review where the circumstances of search and seizure were fully known to the defendant at the time of trial. We are in accord with Thornton v. United States, supra. That court said:

"Courts should be reluctant to let general considerations of administration require injustice in the particular case. That reluctance is overcome by the weighty consideration, diluting the fear of particular injustice, that the claim of unreasonable search and seizure does not weaken the probative value of the evidence against the accused. It is partly because the rule of exclusion is not a truth-protecting device that the Supreme Court decreed * * * that Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), would be given only prospective effect in State convictions. Linkletter v. Walker, [381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601]. Collateral attack is negatived not only by the rule against retrospectivity, which is relevant but not controlling, but by the consideration that collateral attack would be of little if any weight in achieving the pattern of lawful conduct by enforcement officials which is the objective of the exclusionary rule. Enforcement officials know that evidence unreasonably seized is subject to exclusion by resort to a variety of motions. There is no basis for supposing that their conduct will be substantially influenced by the additional possibility of an inquiry years hence."

There are adequate procedures available, both before and during trial to protect a defendant against admission of evidence illegally obtained. When these procedures are used by a defendant to no avail, redress by appeal is always available to him. Appellant had his day in court, and was adequately represented by counsel at his trial. There was no deprivation of his constitutional rights.

There was no error in denying appellant's motion for review, and the order of the court should be affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.