469 P.2d 717

Edward C. JONES, Petitioner-Appellant,

v.

STATE of New Mexico, Respondent-Appellee.

No. 8940.

Supreme Court of New Mexico.

May 25, 1970

G. Gordon Robertson, Raton, for petitioner-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

WATSON, Justice.

In State v. Jones, 52 N.M. 118, 192 P.2d 559 (1948), we affirmed the 1947 first degree murder conviction of the present appellant. Contending that his conviction was invalid by reason of the admission into evidence of confessions made by him to police officials, appellant Jones is now before us on an appeal from an adverse ruling on his motion under Rule 93, § 21-1-1(93), N.M.S.A., 1953 Comp. (1969 Supp.).

Jones now contends that he was denied due process by the use of his involuntary confession, and that although this was an issue at his trial, additional facts on the question of the voluntariness which were not presented at the trial should now be considered. State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967). These additional facts are now supplied by Jones, whose testimony before the trial judge on the hearing on his motion is summarized as follows:

Immediately after being taken to jail in Springfield, Illinois, Jones asked to make a telephone call to his father and asked for an opportunity to consult a lawyer. Both requests were denied him. Beginning about 3:00 p. m. on the afternoon of the day of his arrest and continuing without interruption until midnight, or slightly after midnight, Jones was interrogated by Springfield city police and FBI agents. As a result of this protracted interrogation, Jones made oral statements tending to incriminate him, which were reduced to writing in the form of a written statement which was signed by Jones. At the time of his interview with the assistant district attorney and the sheriff of Colfax County, New Mexico, Jones again requested and was

refused permission to call his father and to consult with an attorney. As a result of these interrogations and because of having made the incriminating statements, Jones pointed out a culvert in Texas where a pistol was found. The pistol and the written statements were introduced in evidence at his murder trial. Jones's decision to take the stand and testify at his trial was made in the light of the circumstance that the incriminating statements and the pistol had already been admitted in evidence against him.

Appellant Jones does not deny that all of these factual matters were known to himself and to his attorneys at the time of his trial and could have been placed in the record for review on direct appeal. His election not to bring them out at his trial prevented their being in the record and, therefore, they were not reviewed on appeal. At the trial, over twenty years ago, all he stated on the question was that a police sergeant in Springfield had stated that if he would "shoot straight and come clean" it would go a lot easier on him. He did not request an instruction for the jury to disregard his statements if it found such statements had been induced by promise of clemency. See State v. Nelson, 63 N.M. 428, 321 P.2d 202 (1958); State v. Lindemuth, 56 N.M. 257, 243 P.2d 325 (1952).

In State v. Buchanan, supra, on a Rule 93 appeal, we remanded for the trial judge to hear evidence, or from personal recollection, to determine whether remarks of the prosecutor to the jury violated the appellant's constitutional rights. There the trial court had instructed that comment on defendant's refusal to testify was proper, and on appeal we avoided ruling on the instruction by stating that the record did not show any such comment. No record was made of the prosecutor's argument made to the jury. We relied upon Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), which held that under the federal rule, 28 U.S.C.A. § 2255 (1958) (from which our Rule 93 is

derived), the petitioner there was entitled to a hearing where issues raised by the motion relate primarily to "purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light."

In the case before us, although a hearing was held on the motion, the trial court refused appellant's requested findings and conclusions based on his undisputed testimony above summarized, and made no findings on the subject. He merely concluded that Jones had an opportunity at his trial to introduce the same evidence as here submitted, and his failure to do so rendered the Supreme Court's affirmance res judicata on the issue of the voluntariness of his statements and prevented the collateral attack made by his motion under Rule 93, supra.

In our review on appeal of Jones's conviction, however, we said:

"* * * The error, if any, in the admission of the confessions was rendered harmless when the appellant took the stand and as a witness in his own behalf testified to the same facts they detailed. State v. Talamante, 50 N.M. 6, 165 P.2d 812; Robinson et al v. United States, 61 App.D.C. 370, 63 F.2d 147." 52 N.M. at 122.

The above may have been the law at the time; but see Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). But the question which we must decide in this case is: Does Rule 93 provide for collateral review of constitutional questions where the facts relied on are fully known to the defendant at the time of his trial but were not brought out nor reviewed on appeal?

In State v. Fines, 78 N.M. 737, 437 P.2d 1006 (1968), we held that the question of the admissibility of illegally obtained evidence could not be reviewed under a Rule 93 motion "where the circumstances of [the] search and seizure were fully known to the defendant at the time of trial."

Post conviction proceedings are not a method of obtaining consideration of questions which might have been raised on appeal. State v. Sanchez, 80 N.M. 688, 459 P.2d 850 (Ct.App.1969), and cases there cited.

In Kyle v. United States, 266 F.2d 670 (2d Cir. 1959), cert. denied 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959), in denying appellant's motions under the federal rule, where no hearing was granted, the court pointed out that "appellant knew or had ready at hand the means of knowing" at the trial as much about the contention he made on his motions as he now knows, and that even as to constitutional issues, the rule cannot be used as a substitute for appeal. There, the court said:

"There is a distinction between discovering new or additional facts after the trial, and having new implications from the old evidence occur to the defendant through his own later inspiration or through the ingenuity of his counsel." 266 F.2d at 674.

We hold that Rule 93 does not require collateral review of issues where the facts submitted were known or available to the petitioner at the time of his trial. "It is only under circumstances where it appears that the defendant was fundamentally deprived of a fair trial that post-conviction relief is available." State v. Williams, 80 N.M. 63, 451 P.2d 556 (1969). Is such the situation here?

Appellant contends that the philosophy expressed in Machibroda v. United States, supra, is to permit a hearing on the merits where the factual basis of the claim had not been before the court on the prior appeal. This we believe depends on the circumstances of the case. Machibroda claimed that his plea of guilty was obtained by promises made by the assistant United States attorney, and he was cautioned not to tell his lawyer and the court, or other robberies would be added to his difficulties. The majority opinion pointed out that a guilty plea differs from an extra-judicial confession in that a guilty plea "is itself a conviction," and in remanding for a hearing stated that the case was a marginal one on the question of whether a hearing should be afforded.

The circumstances here, including the length of time between the trial and the appeal and the bringing of this motion and the entire lack of any corroboration of the petitioner's testimony on the motion, convince us that the case before us is not within the margin recognized for allowing the collateral attack or for reversal and remand for findings by the trial court as we did in State v. Buchanan, supra, and in State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967).

The trial court made no factual findings based on appellant's testimony. It did, however, review the record and it did find that two statements given to the FBI agent in Springfield, Illinois, were made after Jones had been advised that he did not have to say anything and that his statements might be used against him, and that no promise or coercion was used to obtain these statements. In view of its conclusion that the matter was not open to collateral attack, we can assume that this finding went to a determination that appellant had not been fundamentally deprived of a fair trial. State v. Williams, supra. We agree that appellant did receive a fair trial, and thus he has no remedy under the Rule 93 motion now before us.

The judgment of the trial court in denying the Motion to Vacate and Set Aside the Judgment and Sentence of the Court is affirmed.

It is so ordered.

TACKETT and SISK, JJ., concur.