485 P.2d 741

Herman SALAZAR, Appellant,

v.

STATE of New Mexico, Appellee.

No. 615.

Court of Appeals of New Mexico.

May 14, 1971.

David R. Sierra, Stockley, Sierra, Smith & Boone, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Ray Shollenbarger, Special Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

Salazar seeks post conviction relief under Rule 93 from a conviction and sentence of rape in 1958. The claims made are that at the hearing, (1) the trial court erred in failing to adopt requested findings and conclusions relative to the ultimate issue of illegal search and seizure; (2) the trial court erred in adopting two findings of fact not supported by substantial evidence. These claims will be decided together.

*Does this Court have Jurisdiction over a Sentence of less than one nor more than 99 Years?*

We note a question of jurisdiction. Salazar was sentenced to a term of not less than one nor more than 99 years. Was this a sentence of life imprisonment? Under § 16–7–8(D) 1953, N.M.S.A. (Repl. Vol. 4), the Court of Appeals has jurisdiction of post conviction remedies except when the sentence involved is death or life imprisonment. In State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957), Maestas was found guilty of murder in the second degree. The statutory penalty was imprisonment in the state penitentiary " 'for any period of time not less than three (3) years; * * *.' " No maximum limit was set forth. The court held that the maximum limit for second degree murder was life imprisonment. Therefore, a sentence of not less than three years nor more than life was a life sentence.

The transcript of the record of Salazar's conviction in 1958 was not found. Salazar did not appeal from the conviction and never procured a copy of the record. We assume the rape statute was § 40–39–1 1953, N.M.S.A., repealed in 1963 when the new criminal code was adopted. It provided that rape "is punishable by imprisonment for not less than one (1) nor more than ninety-nine (99) years." Section 40–39–2 1953, N.M.S.A., also repealed, provided that carnal knowledge of a female child under ten years of age "shall be punished by imprisonment in the state penitentiary for life." The distinction indicates legislative intent.

We believe that a sentence of not less than one nor more than 99 years is an indeterminative sentence and not a sentence of life imprisonment. Welch v. McDonald,

36 N.M. 23, 7 P.2d 292 (1931). This court, therefore, has jurisdiction.

*Was Illegal Search and Seizure Subject to Review, and was there Substantial Evidence to Support the trial court's Findings?*

■ Salazar contends that his 1958 conviction for rape was predicated upon illegally seized evidence, a "T" shirt, admitted in evidence at trial; that the trial court, in the post conviction hearing, failed to make any finding on whether the search and seizure was valid and whether the "T" shirt was properly admitted in evidence at the 1958 trial. Salazar requested these findings. The trial court found that the evidence was lawfully admitted in that the panel truck was a tool of the crime, and the truck and its contents could have been admitted in evidence. This finding is supported by substantial evidence.

Salazar testified that he owned a truck used for a dry cleaning route. He parked and locked the truck the night he was alleged to have committed the crime of rape in this truck. A police officer who impounded the truck had it unlocked and found a "T" shirt in it which the state claimed had been used on the girl after consummation of the rape. Salazar was identified as the rapist by the girl although she claimed she did not know whether intercourse had been consummated.

■ The truck was used as an instrument in the perpetration of the crime. This truck could lawfully be seized and retained for its evidentiary worth. This vehicle may be search without a warrant and the search is reasonable, and the contents thereof admissible in evidence. State v. McKnight, 52 N.J. 35, 243 A.2d 240 (1968); see State v. Lucero, 70 N.M. 268, 372 P.2d 837 (1962).

■ .Furthermore, the circumstances of the search and seizure were fully known to Salazar at the time of the 1958 trial. This fact does not give Salazar the right to relief under Rule 93. The admission in evidence of the "T" shirt, claimed to be illegally obtained, is not subject to review. State v. Fines, 78 N.M. 737, 437 P.2d 1006 (1968); Jones v. State, 81 N.M. 568, 469 P.2d 717 (1970).

■ Salazar attacks State v. Fines, supra, with Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1968). Kaufman rejected the principle that illegal search and seizure was not subject to review. *Kaufman* has been expansively cited in federal and state courts. Nevertheless, the Supreme Court of New Mexico, in 1970, continued to follow State v. Fines, supra. We are bound by those decisions.

■ Finally, the record shows that the issue of seizure of the "T" shirt was raised and ruled on against Salazar at his 1958 trial. Salazar cannot relitigate that issue in a post conviction proceeding. Jones v. State, supra; State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968).

The trial court's decision is affirmed.

It is so ordered.

SPIESS, C. J., concurs.

WOOD, Judge (specially concurring).

I do not join in the majority opinion because a review of the evidence simply is not called for in this case and because, in my opinion, there is nothing other than speculation as to the basis on which the police acted when they impounded the truck. I join in the result because of the two legal propositions stated in the majority opinion—(1) where the circumstances of a search and seizure are known to a defendant at the time of trial, the search and seizure issue is not cognizable under the New Mexico provisions for post-conviction relief, and (2) the record shows the search and seizure issue was raised and ruled on at Salazar's trial. Accordingly, Salazar may not relitigate this issue in a post-conviction proceeding.