# 180

489 P.2d 1178

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Braulio RODRIGUEZ, Defendant-Appellant.**

**No. 9302.**

Supreme Court of New Mexico.

Oct. 22, 1971.

Leon Karelitz, Las Vegas, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Justice.

█ The trial court denied defendant's motion for post-conviction relief under Rule 93 [§ 21–1–1 (93), N.M.S.A. 1953 (Repl. Vol. 4, 1970)] without granting an evidentiary hearing thereon. In order to prevail under his first point relied upon for reversal, he concedes we must reconsider and overrule our opinion in State v. Fines, 78 N.M. 737, 437 P.2d 1006 (1968), in which we held the admissibility of illegally obtained evidence is not an issue reviewable under Rule 93, if the circumstances of the search and seizure were fully known to defendant at the time of trial.

Our opinion in State v. Fines, supra, has been followed in a number of decisions by this court and by the New Mexico Court of Appeals, and we are not now inclined to overrule it.

Under his second point defendant contends: (1) he could not properly be tried, convicted and sentenced under an information charging him with first degree murder; (2) he was denied a speedy trial; (3) a statement used against him was involuntarily obtained; (4) he was denied the effective assistance of counsel, and (5) the evidence was insufficient to support his conviction.

His first contention is not sustainable under New Mexico law. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968); State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967).

█ He must fail in his second contention because he did not ask for a speedy trial and he raised no question concerning the same before trial. Patterson v. State, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970).

█ The record conclusively supports the finding of the trial court that the statement was voluntarily, intelligently and knowingly made by defendant after he had

received all admonitions required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thus, his third contention is without merit.

 His fourth contention is likewise without merit since the record affirmatively shows his trial was not a sham, a farce or a mockery. State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970).

His final contention has already been ruled upon adversely to him. State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970).

The order denying the motion should be affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.