497 P.2d 975

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy C. HALL, Defendant-Appellant.**

**No. 824.**

Court of Appeals of New Mexico.

May 12, 1972.

F. Randolph. Burroughs, Fettinger & Burroughs, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Hall filed a petition to vacate sentence pursuant to rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4)]. After hearing, the petition was denied. Hall appeals.

We affirm.

Hall did not appeal from his original conviction. Later, Hall sought release from prison under Rule 93, supra. He lost on appeal. State v. Hall, 78 N.M. 564, 434 P.2d 386 (1967).

■ Hall now contends that at the time of his trial in 1965, he was not afforded a complete and proper psychiatric examination because the trial court refused to send him to the State Hospital in Las Vegas, New Mexico, for. the examination. The record at the evidentiary hearing in his post conviction proceeding shows Hall was examined by a psychiatrist in Las Cruces while Hall was in jail, and lasted approximately thirty minutes. There is no issue concerning Hall's insanity. There is no evidence bearing on the sufficiency of the examination. The record is void of any reference of requests for a more thorough examination or that Hall be sent to the State Hospital at Las Vegas, New Mexico. The trial court, on the record made, properly denied Hall's contention.

■ Hall next contends he was denied his constitutional right to a fair and impartial trial due to the remarks and actions of the trial judge in connection with prospective and excused jurors on the issue of impartiality. The trial court found that this point was without merit because this issue should have been raised on appeal following the original trial and is not a proper subject for a Rule 93 appeal. This is cor-

rect. "Post conviction proceedings are not a method of obtaining consideration of questions which might have been raised on appeal." Jones v. State, 81 N.M. 568, 469 P.2d 717 (1970).

Defendant, however, relies on the apparent exception in Jones v. State, supra, to the effect that post conviction relief is available, regardless of whether the issue could have been raised on direct appeal, if the defendant has been "fundamentally deprived of a fair trial." The actions and remarks of the trial judge on which defendant relies do not fall within this exception. They are consistent with an effort by the judge to empanel a fair and impartial jury. There is nothing to show that the jurors who served were other than fair and impartial. See State v. Gonzales, 82 N.M. 388, 482 P.2d 252 (Ct.App. 1971).

 Hall next contends he was subject to cruel and unusual punishment during his pre-trial detention, and because of the detention he was denied his constitutional right to effective trial counsel. The basis for this contention is that while confined in the penitentiary for safekeeping after an escape from the county jail, he was placed in a cell block used for disciplinary confinement, and that this type of confinement kept him from effectively communicating with his attorney. The trial court found that no evidence had been presented that the place of defendant's incarceration in any way prejudiced the preparation of the defense. Not only does the record support this finding, the rule in Jones v. State, supra, is applicable to this point. The trial court did not err.

Finally, Hall contends that the sentence imposed constitutes cruel and unusual punishment, and is a deprivation of liberty without due process. The contention is based on the fact that sentences imposed were to run consecutively. The trial court found that this claim was without merit because sentencing was in conformance with the laws and statutes of New Mexico. The fact that Hall was sentenced to the term authorized by law provides no basis for post conviction relief. State v. Deats, 82 N.M. 711, 487 P.2d 139 (Ct.App.1971); State v. Follis, 81 N.M. 690, 472 P.2d 655 (Ct.App.1970). Hall's contention has no merit.

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.