This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 35,209**

**NAYELI C.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      Nayeli C. (Child) appeals her conviction for a delinquent act, misdemeanor

battery upon a household member, contrary to NMSA 1978, Section 30-3-15 (2008) and NMSA 1978, Section 32A-2-3(A) (2009). The incident involved an argument between Child and her mother, Aracely Rodriguez (Mother), that occurred on June 24, 2015. Child was charged after grabbing her cell phone out from Mother's blouse during an argument that resulted in scratches on Mother. Child has raised two issues on appeal. First, Child asserts that the district court erred when it denied Child's motion for a mistrial after a prospective juror was mistakenly released from the panel before the actual jury was selected in her case. Second, Child asserts that the court abused its discretion when it allowed Mother to be recalled to testify during the rebuttal portion of the State's case. We determine that no reversible error occurred and affirm the jury's verdict convicting Child of misdemeanor battery upon a household member.

**BACKGROUND**

{2}     The factual background is known to the parties and we shall "confine our recitation of the [relevant] facts" to the two "issues [Child has] raised on appeal." *Medina v. Berg Constr., Inc.*, 1996-NMCA-087, ¶ 4, 122 N.M. 350, 924 P.2d 1362. During the jury selection process, juror number twelve was erroneously released from the panel for cause by the district court. This error occurred prior to the selection of the empaneled jury and was not immediately brought to the district court's attention

by either party. Once the court was notified of the error, the bailiff was sent to find juror number twelve, but he had already left the courthouse premises and could not be located. The original mistake occurred because juror number eleven had been released for cause due to being ill that morning and was allowed to immediately leave in order to avoid getting anyone else sick. Later, when the court released another group of jurors for cause, it mistakenly believed that it was juror number twelve—rather than juror number eleven—who had been ill and needed to be released. Once it was discovered that juror number twelve was mistakenly released and could not be located, Child's counsel moved for a mistrial. The motion was denied by the district court.

{3}     The rule of exclusion, Rule 11-615 NMRA, was invoked by Child at the commencement of trial in this case. During trial, Mother testified as a witness for the State. During her testimony, Mother acknowledged that she called the police "because [Mother] took the phone away from [Child] and [Child] started pulling [Mother's] blouse . . . [and Child] scratched [Mother] on [the] side." "[Child] got very mad and [Child] started pulling [Mother's] blouse, and that's when [Child] scratched [Mother, . . . a l]ittle scratch[.]" No questions were asked by the jury before Mother was excused as a witness and the State rested its case-in-chief.

{4}     Child testified on her own behalf as part of her defense. The State does not

dispute that, despite the invocation of the rule of exclusion, Mother was allowed to stay in the courtroom and observe Child's initial testimony and the cross-examination by the State.

**{5}** At the conclusion of Child's presentation of her defense testimony, the district court asked if there were any questions from the jury and four questions were then submitted for the district court to review. After a bench conference to discuss the jury's questions, Mother was excused from the courtroom so Child could be asked three of the questions raised by the jury without Mother present, with the possibility of recalling Mother for further rebuttal testimony. Child objected to allowing Mother to have an opportunity to provide potential rebuttal testimony regarding the questions submitted by the jury. When Child was recalled to testify, the district court asked one of the jury's questions, "Did your [M]other take the phone from you with violence?" Child responded, "[y]es." She was then asked "[h]ow did [Mother] violently take the phone [away] from you[,]" Child responded, "[Mother] just grabbed me and just . . . grabbed it away from me[.]" Child was also asked, "did [Mother] grab it from your hand" and Child responded, "[y]es." After addressing the jury's questions, Child rested her case.

**{6}** The State then requested that Mother be allowed to testify as a rebuttal witness to address the additional jury question that was asked to Child regarding whether

violence was used when the phone was taken, and Child responded that Mother "took it out of [Child's] hand." Child's counsel objected and argued that any "rebuttal testimony is not proper" and that "the rule of witness exclusion had been invoked . . . [s]o the exclusionary rule, therefore, was violated [a]nd for [Mother] to be merely excluded from the courtroom during the asking of that one question [does not cure] the issue." Child's objection was denied and Mother was allowed to provide limited rebuttal testimony. Mother then testified on rebuttal that "[Child's phone] was in the room, in [Child's] night stand[,]" and Child was not "holding the phone when [Mother] took it[.]"

**DISCUSSION**

**Standard of Review**

**{7}**      The district court's decision to excuse a juror from participation in a case is reviewed "for a clear abuse of discretion or manifest error." *State v. Coffin*, 1999-NMSC-038, ¶ 52, 128 N.M. 192, 991 P.2d 477 (internal quotation marks and citation omitted); *see Miller v. City of Albuquerque*, 1975-NMCA-099, ¶¶ 39-40, 88 N.M. 324, 540 P.2d 254 (recognizing that an abuse of discretion occurs when the trial court's decision is "unfair, arbitrary, manifest error, or not justified by reason"). More specifically, a district court's decisions regarding whether to allow a witness to testify where Rule 11-615 may have been violated is reviewed under an abuse of discretion

5

standard. *See State v. Hovey*, 1987-NMSC-080, ¶ 14, 106 N.M. 300, 742 P.2d 512 (reviewing the trial court's exercise of discretion where the defendant argued that a violation of Rule 11-615, the rule of exclusion, had occurred); *State v. Romero*, 1961-NMSC-139, ¶ 11, 69 N.M. 187, 365 P.2d 58 (recognizing that a violation of the rule of exclusion falls within the discretion of the trial court and the appellant must show that he has been prejudiced as a result of the ruling).

**No Reversible Error Occurred When Juror Number Twelve Was Excused**

{8}      Child argues that her motion for a mistrial should have been granted when juror number twelve was mistakenly excused by the district court and allowed to leave the courthouse premises before the mistake could be corrected by the court. The State argues that Child's motion was not raised in time for the district court to correct its mistake, and even if it was timely raised afterwards, no abuse of discretion or manifest error occurred as a result of this mistake in excusing juror number twelve. We agree with the State.

{9}      Child claims that the jury selection process resulted in "manifest error and deprived her of a fair and impartial jury" because prospective juror number twelve was not available for selection on the jury panel. We agree that an accused is entitled to a trial by "an impartial jury." N.M. Const. art II, § 14. However, "[a]n impartial jury means a jury where each and every one of the [selected jurors] is free from any

6

partiality whatsoever." *State v. Jim*, 1988-NMCA-092, ¶ 14, 107 N.M. 779, 765 P.2d 195. As such, Child "is entitled to an array of impartial jurors to which [she] may direct [her] peremptory challenges . . . [and] no more." *Id.* ¶ 16. (internal quotation marks and citation omitted). Child has "no legal right to a jury which includes those who . . . [she] thinks might favor [her] cause[.]" *Id.* (internal quotation marks and citation omitted). As a result, Child "suffers no prejudice if jurors, even without sufficient cause, are excused by the judge." *Id.* (internal quotation marks and citation omitted). "Only if a judge[,] without justification[,] . . . leaves on the panel a juror not impartial, does legal error occur." *Id.* (internal quotation marks and citation omitted). Child has not argued that the jury chosen in her case was not fair and impartial. *See id.* (emphasizing that the defendant did not argue "that the jurors chosen were not impartial"). As a result, the district court's mistaken excusal of juror number twelve did not result in manifest error or a clear abuse of discretion.

{10}   In addition, the State argued that Child's motion for a mistrial was not immediately made after the district court mistakenly identified juror number twelve as one of the jurors to be excused for cause and allowed him to leave the courtroom. The State first alerted the district court to the mistake regarding juror number twelve, and only after the bailiff was unable to locate this juror and bring him back into the courtroom did Child's counsel move for a mistrial. Child's counsel argued that the

delay was justified because she was "reluctant to sort of say, '[h]ey wait a second' . . . [and she] was trying to follow the other numbers of the individuals who were being released as well, and [she] lost track of that." The district court disagreed with the explanation offered by Child's counsel and her failure to raise the matter timely.

{11} "It has been held that a mistrial motion will be considered untimely unless it is made at the earliest opportunity." *Hovey*, 1987-NMSC-080, ¶ 13. It is clear from the record that juror number twelve was mistakenly excused and allowed to leave the courthouse before the error was finally brought to the district court's attention by the State and corrective action could be attempted to remedy the mistake. Despite the limited amount of time Child's counsel had to alert the district court to its mistake and to take corrective action, she failed to do so, and the delay that resulted in an untimely motion for a mistrial, effectively prevented the district court from correcting the mistake. *See State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (recognizing that a timely objection is essential to "alert the trial court to a claim of error so that it has an opportunity to correct any mistake" (internal quotation marks and citation omitted)); *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806; *Garcia ex rel. Garcia v. La Farge*, 1995-NMSC-019, ¶ 27, 119 N.M. 532, 893 P.2d 428 ("One purpose of [the] preservation rule is to alert the trial judge to the claim of error and give the judge an opportunity to correct any

8

mistake."). This delay also justified the district court's denial of Defendant's motion for a mistrial.

**No Error Occurred When the Rule of Exclusion Was Narrowly Modified to Allow Mother to Testify as a Rebuttal Witness**

{12} Mother's potential rebuttal testimony and the rule of exclusion only became an issue in the district court when the jury submitted additional questions after the State and Child's counsel completed their questioning of Child. Child objected and argued that any rebuttal testimony was improper and also violated the rule of exclusion. The district court denied Child's objection but ruled that it intended to limit Mother's rebuttal testimony to the questions asked by the jury, the additional responsive testimony from Child that was provided after Mother was excluded from the courtroom, and avoid any issues that were addressed during the testimony offered when Mother was allowed to be present in the courtroom. On rebuttal, Mother then testified that Child was not holding the phone when Mother took it but that the phone was in "[Child's] room, in [Child's] night stand."

{13} On appeal, Child limited her argument to the issue of whether Mother's rebuttal testimony violated the rule of exclusion, Rule 11-615. Child also failed to identify any prejudice that occurred as a result of Mother's limited rebuttal testimony that was tailored to address one of the questions submitted by the jury. *See State v. Romero*, 1961-NMSC-139, ¶ 11, 69 N.M. 187, 365 P.2d 58 (declining to recognize an abuse

9

of discretion in applying the rule of exclusion and stating that when the trial court makes an exception to the rule of exclusion, the appellant must show that she "has been prejudiced in any manner as a result of the ruling"); *State v. Perez*, 2014-NMCA-023, ¶ 14, 318 P.3d 195 (recognizing that "[t]he district court has broad discretion under Rule 11-615 and [the appellate courts] will not disturb the decision of the district court absent a clear abuse of . . . discretion and prejudice to the complaining party" (alteration, internal quotation marks, and citation omitted)); *State v. Ortiz*, 1975-NMCA-112, ¶ 31, 88 N.M. 370, 540 P.2d 850 (stating that the "controlling consideration" regarding the exclusion of a witness under Rule 11-615 is the "prejudice to the complaining party").

{14}     The purpose of Rule 11-615 "is to give the adverse party an opportunity to expose inconsistencies in witnesses' testimony and to prevent the possibility of one witness shaping his [or her] testimony to match that given by another witness at trial." *State v. Simonson*, 1983-NMSC-075, ¶ 24, 100 N.M. 297, 669 P.2d 1092. "It is well settled that a defendant cannot complain on appeal that he [or she] was prejudiced by evidence which he [or she] introduced into the case." *Id.* ¶ 31 (emphasis omitted). One proper exercise of a district court's discretion is to limit the testimony of the rebuttal witness to issues that will prevent "the evil [that] the rule of exclusion . . . was designed to prevent." *Hovey*, 1987-NMSC-080, ¶ 14.

10

{15} The jury question was whether "[M]other [took] the phone from [Child] with violence." Child explained that she was coming out of the bathroom when Mother grabbed it from her. Although the jury question was addressed to the issue of violence, Child was also allowed to testify that Mother grabbed the phone from her hand. This new aspect of how the phone may have been grabbed away from Child's hand with violence was not addressed by the prior testimony of the witnesses and, as the State argued, would not violate the purpose of the exclusionary rule. How the phone was actually taken away from Child: (1) was not in evidence before the jury submitted its question regarding violence, (2) the question was submitted when Mother was sequestered from the courtroom, and (3) the questioning was properly limited and tailored by the district court to protect the purpose of the exclusionary rule from being violated. As a result, the district court did not abuse its discretion when it allowed Mother to testify as a rebuttal witness regarding Child's answers to the new jury question addressing whether the phone was taken away from her with violence.

**CONCLUSION**

{16} We affirm the district court's rulings in this case and the jury's conviction of Child for misdemeanor battery upon a household member.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**